UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01969-TWP-TAB |
| ) | |
| INTERNATIONAL METALS LLC, ) | |
| MANISH PUSHYE, MAZYAR MOTRAGHI, ) | |
| VALLEY FORGE EQUIPMENT, INC., and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| MAZYAR MOTRAGHI, ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| QUALITY LEASING CO., INC., ) | |
| PAUL FOGLE, and MELISSA JOHNSON, ) | |
| ) | |
| Counterclaim Defendants. ) | |

### ORDER GRANTING MOTION TO DISMISS
### DEFENDANT MAZYAR MOTRAGHI'S COUNTERCLAIM

This matter is before the Court on a Motion to Dismiss (Filing No. 139) filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Plaintiff/Counterclaim Defendant Quality Leasing Co., Inc. ("Quality") and Counterclaim Defendants Paul Fogle ("Fogle") and Melissa Johnson ("Johnson") (collectively, "Counterclaim Defendants"). While answering the Amended Complaint, *pro se* Defendant/Counterclaimant Mazyar Motraghi ("Motraghi") asserted a counterclaim for "false claim" against the Counterclaim Defendants (Filing No. 130 at 16). By their Motion, the Counterclaim Defendants seek to dismiss Motraghi's "false claim" counterclaim.

Also pending before the Court is the Plaintiff/Counter-Defendants, Quality, Fogle and

Johnson's Motion for Summary Judgment against Defendant/Counter-Plaintiff Motraghi on his Counterclaim Action at Law for Trespass on the Case [Doc. 130] pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1. (Filing No. 187). For the reasons stated below, the Counterclaim Defendants' Motion to Dismiss is **granted** and the Counter Defendants' summary judgment motion is **denied as moot**.

## I.   BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint (or in this case, the counterclaim) and draws all inferences in favor of Motraghi as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (standard for dismissal of a complaint); *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (similar standard for dismissal of a counterclaim). This background section is not intended to be a comprehensive presentation of the facts of the case.

This is a breach of contract claim action relating to Master Lease Agreement, Fleet No. 7627. On October 31, 2017, International Metals, LLC ("International") agreed to purchase equipment from Valley Forge Equipment, Inc. ("Valley Forge") (Filing No. 117 at 7). The equipment was one 2008 Colmar B6200-SW Automobile Logger Bailer SN #8292, mounted on a tri-axle trailer SN #8292 ("the Equipment"). *Id.* at 4. Valley Forge agreed to deliver the Equipment to International.

On November 6, 2017, International entered into a Master Equipment Finance Agreement, Fleet No. 7627, with Quality. *Id.* at 3. Pursuant to the terms of the agreement, Quality and International executed a Supplement to the Master Equipment Finance Agreement, EFA No. 30017, wherein International promised to pay Quality sixty monthly payments in the amount of

$4,968.57 plus applicable fees for the Equipment, and Quality agreed to finance the purchase of the Equipment. *Id.* at 4. Defendant Manish Pushye ("Pushye") signed the supplement agreement as a member of International. As inducement to Quality to enter into both the agreement and the supplement agreement, Pushye executed a personal guaranty for the agreement in which he guaranteed prompt payment of all payments and performance of all obligations of International due under the agreements. Quality provided almost $300,000.00 pursuant to the agreement for the purchase of the Equipment. At least $239,500.00 of the funds were given to Valley Forge for International's acquisition of the Equipment. Valley Forge accepted the funds tendered to it on the condition that Valley Forge would procure the Equipment and tender it to International. *Id.* at 4, 7; Filing No. 117-1.

On November 17, 2017, Valley Forge and Motraghi signed a Confidential Equipment Seller's Agreement, by which Motraghi agreed to sell the Equipment to Valley Forge (Filing No. 130; Filing No. 69 at 4–5). Motraghi agreed to deliver the Equipment to Valley Forge at a port in San Juan, Puerto Rico, and Motraghi delivered the Equipment to Valley Forge on January 3, 2018 (Filing No. 130 at 7–8). Thereafter, Valley Forge intentionally breached the contract by not making full payment to Motraghi. Instead, Valley Forge paid Motraghi $100,000.00 rather than the full amount of $120,000.00. *Id.* at 11–12. Motraghi was unaware that Quality provided any funds, and he was unaware of any involvement by Quality. Because of being paid less than the full contractual amount, Motraghi removed the Equipment from the port on January 4, 2018. *Id.* at 7–8, 11–12. Motraghi did not return any of the $100,000.00 to Valley Forge. The Equipment was never delivered to International, and Valley Forge did not return any funds provided to it by Quality for the Equipment. Motraghi sold the Equipment more than seven months later, on August 13, 2018, to a foreign buyer for $130,000.00. *Id.*

Quality filed an Amended Complaint on September 30, 2019, seeking damages from Defendants International, Pushye, Valley Forge, Robert Stein ("Stein"), and Motraghi (Filing No. 117). The particular claims against Motraghi are unjust enrichment and conversion. On October 16, 2019, Motraghi, proceeding *pro se*, answered the Amended Complaint and included a "Counterclaim Action at Law for Trespass on the Case Against Quality Leasing and It's Officers Fogle and Johnson. (Filing No. 130 at 16). The specific counterclaim for "false claim" is against not only Quality, but also against Fogle (managing director of Quality), and Johnson (operations manager of Quality) as individuals. (Filing No. 130 at 18).

In his counterclaim, Motraghi alleges that Quality, under the control and direction of its officers Fogle and Johnson, "made false accusations and a false legal claim against Motraghi" by filing the Amended Complaint. *Id.* at 18. Motraghi alleges the Counterclaim Defendants falsely accuse him of unjust enrichment and conversion of funds that they falsely claim assert was the property of Quality. Motraghi further alleges the Counterclaim Defendants falsely complain that Motraghi never delivered the Equipment to Valley Forge and showed "reckless disregard for the known falsity of this allegation." *Id.* He also asserts that the Counterclaim Defendants "were well aware that Motraghi spent over six weeks laboring on the hurricane-ravaged island of Puerto Rico before delivering the Equipment" and that Valley Forge "intentionally committed multiple torts against Motraghi." *Id.* at 19. Motraghi contends the Counterclaim Defendants were "well aware that they had no communication, agreement or dealings with Motraghi whatsoever" and that he "had no duty or obligation to Quality." *Id.* Motraghi asserts the Counterclaim Defendants have "wrongfully tarnished [his] name and reputation, wrongfully attempted to hold [him] accountable for [their] own negligence and/or incompetence and attempted to unjustly enrich themselves at the expense of Motraghi." *Id.* Motraghi lastly asserts the Counterclaim Defendants "have a duty to not

file false complaints and false claims based on false accusations against anyone," and they "breached that duty by filing a false complaint based on false accusations and bringing a false claim thereon against Motraghi." *Id.* at 20. The Counterclaim Defendants seek dismissal of Motraghi's counterclaim pursuant to Rule 12(b)(6) (Filing No. 139).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of any portion of a complaint for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). When considering a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pled factual allegations in the complaint and draws all inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). To state a claim upon which relief can be granted, the complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) is used to dismiss a claim if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

"In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal citations and quotations omitted). The complaint must include enough facts to state a claim to relief that is plausible on its face. *Data Research & Handling Inc. v. Vongphachanh*, 279 F. Supp. 3d 1066, 1070 (N.D. Ind. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the suit. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555.

A plaintiff can plead himself out of court by pleading facts that show he has no legal claim. *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). Dismissal is appropriate when a party has included in his complaint facts that establish an impenetrable defense to his claims. *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations omitted).

### III.   DISCUSSION

In seeking the dismissal of Motraghi's counterclaim, the Counterclaim Defendants argue that the counterclaim that Motraghi has failed to properly plead a cause of action against them, or even state any particular cause of action. They contend this "claim" is the "type of claim precisely precluded by the "litigation privilege." ([Filing No. 139 at 2](Filing No. 139 at 2).)

**A.   Basis in Law of Motraghi's "False Claim" Counterclaim**

6

The Counterclaim Defendants argue Indiana does not recognize a "false claim" cause of action, and further, Motraghi does not specify what recognized cause of action he is asserting. They assert that, "Motraghi uses his own denials of Quality's claims against him as the basis for his 'false claim' cause of action" against them (Filing No. 139 at 4). They state Motraghi mixes together various "legal sounding" concepts in an "attempt to create a cause of action which simply does not exist." *Id*. They contend the counterclaim is a "convoluted recitation of his defenses to Quality's claims of unjust enrichment and conversion," and therefore is not a legally cognizable cause of action and does not contain sufficient factual matter to state a claim for relief against the Counterclaim Defendants. *Id.* at 5. Thus, consistent with *Ashcroft v. Iqbal*, they argue the counterclaim should be dismissed.

Motraghi responds that his cause of action is "his lawful demand" and his "false claim" counterclaim "need not conform to any preconceived or predetermined styles or verbiage in order to be cognizable" by the Court (Filing No. 143 at 3). He explains that his cause of action is not based on his own denials of the claims made against him by Quality; rather, it is based on the "very real fact that [Quality]'s pleading (Docket 117) is false, wrongful and injurious" to him. *Id*. He maintains Quality filed a false pleading in which it made false accusations of unjust enrichment and conversion of funds and made a false claim for the recovery of damages against Motraghi in the amount of $200,000.00. He argues that Fogle and Johnson "had clear foreknowledge that [Quality]'s complaint is false and unsupported by any facts in evidence." *Id.*

In his response brief, Motraghi clarifies his counterclaim by labeling it a "wrongful pleading," "false pretenses," and "false complaint." He bases his counterclaim on the following alleged "false pretenses":

> [T]he false pretense that Motraghi owes [Quality] a duty of good faith, the false pretense that Motraghi never delivered the Equipment to Valley Forge, the false

7

>pretense that Motraghi has no valid justification for retaining the funds, the false pretense that it was inequitable for Motraghi to retain the funds, the false pretense that Motraghi did not have rightful ownership to retain the funds, the false pretense that [Quality] maintained a superior interest in the funds, among other false pretenses.

([Filing No. 143 at 4](#).)

The Counterclaim Defendants are correct that Motraghi's counterclaim of "false claim" has no legal basis in law, and, therefore, Rule 12(b)(6) dismissal is appropriate. Neither Indiana law nor federal law recognizes a "false claim" cause of action based upon an opposing party's act of filing a complaint, and Motraghi has provided no legal authority to the contrary. The counterclaim alleges that Quality asserted false allegations against Motraghi in the Amended Complaint. Motraghi denies the validity of Quality's unjust enrichment and conversion claims against him. The counterclaim merely restates his denial of and defenses to Quality's claims against him. It does not include a legally recognized factual basis for a claim to relief. Accordingly, Motraghi's counterclaim for "false claim" must be **dismissed.**

### B.      "Litigation Privilege"

Although the Court has determined Motraghi's counterclaim does not state a claim upon which relief can be granted, the Court will briefly address the Counterclaim Defendants' "litigation privilege" argument. The Counterclaim Defendants assert, "Quality has a well-known and recognized litigation privilege to assert its claims for relief against Motraghi in this judicial proceeding" because "Indiana recognizes the litigation privilege that protects all relevant statements made in the course of a judicial proceeding." ([Filing No. 139 at 5](#).) The Counterclaim Defendants argue this privilege is "essential to preserving the integrity of the adversary system," and without it, parties in litigation would assert claims to increase costs, multiply proceedings, and make obtaining relief all but impossible, "as Motraghi is attempting to do with his Counterclaim."

8

*Id.* at 6. The Counterclaim Defendants contend Motraghi's assertion of a frivolous counterclaim against them is "clearly an attempt to harass Quality" as well as Fogle and Johnson and "is an unreasonable and vexatious attempt to multiply proceedings and increase litigation costs." *Id.*

Motraghi, on the other hand, argues the "litigation privilege may not be used as an all-encompassing litigation tool by which to defame." ([Filing No. 143 at 7](#).) He argues that, in this case, Quality's complaint against him "does not refer to defamatory material published or existing elsewhere," but that Quality is the "very source and originator of the defamatory and groundless allegations made in its complaint against Motraghi." *Id.* at 8. Motraghi contends Quality has provided no evidence to support its accusations of unjust enrichment or conversion against him, nor has it provided any evidence to establish any connection between Quality and Motraghi, yet it "proceeded with defamatory and injurious accusations against Motraghi while knowing said accusations to be false and lacking in factual support." *Id.* Motraghi concludes Quality's "unverified complaint" against him is "an abuse of the litigation privilege based on unsubstantiated allegations and pretensions and committed with the intention of inflicting financial injury upon Motraghi for Counterclaim Defendants' gain." *Id.*

"Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements." *Eckerle v. Katz & Korin, P.C.*, 81 N.E.3d 272, 278 (Ind. Ct. App. 2017) (quoting *Wilkins v. Hyde*, 41 N.E. 536, 536 (Ind. 1895); *Van Eaton v. Fink*, 697 N.E.2d 490, 494 (Ind. Ct. App. 1998)). The purpose for the rule is "the necessity of preserving the due administration of justice . . . by providing actors in judicial proceedings with the freedom to participate without fear of future defamation claims." *Eckerle*, 81 N.E.3d at 278 (internal quotations and citations omitted). "For immunity from liability to exist based on absolute privilege, the statement in question must

be 'relevant and pertinent to the litigation or bear some relation thereto.'" *Id.* at 280 (quoting *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 247 (Ind. Ct. App. 2013)).

In addition to determining that Motraghi has failed to state a viable claim, the Court finds the Counterclaim Defendants are protected by litigation privilege. Motraghi's counterclaim of "false claim" is based solely on his allegation that Quality filed a false complaint that contained false allegations against him. Claims and statements made in the course of judicial proceedings are protected as long as they are relevant and pertinent to the litigation or bear some relation to it. All of the allegedly false allegations, of which Motraghi complains, are relevant and pertinent to the claims of unjust enrichment and conversion and are therefore protected.

**C.   Piercing the Corporate Veil**

The Court will briefly address the Counterclaim Defendants' argument concerning piercing the corporate veil. Paragraph 15 of the Counterclaim alleges: "On September 30th, 2019, Quality Leasing, under the control and direction of its officers, Fogle and Johnson and via counsel, filed an amended complaint in which it made false accusation and a false legal claim against Motraghi." (Filing No. 130 at 18). The Counterclaim Defendants' argue that "Motraghi has plead zero facts to support a claim to pierce the corporate veil to hold these two individuals accountable for damages including punitive damages". (Filing No. 139 at 7). In an attempt to hold Fogle and Johnson personally liable, Motraghi contends the corporate veil is irrelevant. He states "[i]t is an obvious fact that [Quality] is a legal entity and has no power or ability to make decisions or control or direct its actions without the involvement of the men and women who act as its officers." (Filing No. 143 at 6.) Motraghi then asserts, "Fogle and Johnson are the decision-makers in control of [Quality] and bear responsibility and liability for its wrongful conduct." *Id.*

10

The Counterclaim Defendants argue persuasively that Motraghi "completely ignores the legal protections provided" to both Fogle and Johnson, and he "does not attempt to 'pierce the corporate veil' or sufficiently plead in order to 'pierce the corporate veil.'"  (Filing No. 147 at 5.)

The Court agrees that Motraghi fails to address even a single element under Indiana law for asserting a claim to "pierce the corporate veil." Generally, officers and shareholders of a corporation are not personally liable for the acts or debts of the corporation. In order to pierce the corporate veil, the burden is on the party attempting to pierce it to prove that the corporate form was so ignored, controlled, or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice.  *See Aronson v. Price*, 644 N.E.2d 864 (Ind. 1994); Ind. Code § 23-1-26-3(b).  Motraghi incorrectly asserts that piercing the corporate veil is irrelevant.  His pleading deficiency in this regard provides another basis for dismissal of the counterclaim against Fogle and Johnson.

## IV.     CONCLUSION

For the reasons explained above, the Court **GRANTS** the Motion to Dismiss (Filing No. 139) filed by Counterclaim Defendants Quality Leasing Co., Inc., Paul Fogle and Melissa Johnson. Motraghi's counterclaim for "false claim" is **DISMISSED with prejudice**.[1]  In light of this Order, the Counterclaim Defendants' pending Motion for Summary Judgment on Motraghi's counterclaim (Filing No. 187) is **DENIED as moot**. Final judgment will issue once all claims are resolved.

**SO ORDERED.**

Date: 7/20/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] Courts should "freely" grant leave to amend a pleading "when justice so requires". Fed. R. Civ. P. 15(a)(2). However, courts are instructed to deny leave to amend for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of [the] amendment." *Airborne Beepers & Video, Inc. v. A T & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *Leavell*, 600 F.3d at 808. Amending the counterclaim would an exercise of futility.

DISTRIBUTION:

Mazyar Motraghi
9950 Place de I'Acadie, #1673
Montreal, Quebec H4N 0C9
Canada

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Sarah Thompson Parks
BOSE MCKINNEY & EVANS, LLP
sparks@boselaw.com