**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01969-TWP-TAB |
| ) | |
| INTERNATIONAL METALS LLC, ) | |
| MANISH PUSHYE, VALLEY FORGE ) | |
| EQUIPMENT, INC., MAZYAR MOTRAGHI, ) | |
| and ROBERT STEIN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| INTERNATIONAL METALS LLC and ) | |
| MANISH PUSHYE, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |
| _____ ) | |
| INTERNATIONAL METALS LLC, MANISH ) | |
| PUSHYE, and QUALITY LEASING CO., INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Defendants. ) | |
| _____ ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |

|  |  |
|---|---|
| MAZYAR MOTRAGHI, | ) ) ) |
| Third Party Defendant. | ) ) |
| MAZYAR MOTRAGHI, | ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) ) ) |
| Counterclaim Defendants. | ) |

**ORDER ON PLAINTIFF'S OBJECTION TO SUPPLEMENTAL WITNESS**

This matter is before the Court on Plaintiff Quality Leasing Co., Inc.'s ("Quality Leasing") objection to the supplemental witness identified by Defendants Valley Forge Equipment, Inc. ("Valley Forge") and Robert Stein ("Stein") (collectively, "Defendants"). This matter is set for a two-day bench trial beginning on Monday, January 25, 2021, on Quality Leasing's individual liability claim against Stein (Count VII of the Amended Complaint), in which Quality Leasing is seeking to hold Stein personally liable for the $239,500.00 at issue based upon the theories of unjust enrichment and piercing the corporate veil/alter ego. The Court held a final pretrial conference on December 30, 2020.

On December 15, 2020, the Defendants filed a trial witness list and identified one witness—Stein (Filing No. 259). After Quality Leasing filed its trial brief and proposed findings of fact and conclusions of law (*see* Filing No. 261; Filing No. 262), the Defendants filed a supplemental witness list on December 23, 2020, which included an additional witness—Spencer Snyderman ("Snyderman") (Filing No. 263). None of the Defendants' previously filed witness

2

lists identified Snyderman as a potential trial witness (*see* Filing No. 186; Filing No. 251; Filing No. 259). Quality Leasing objected to the addition of Snyderman as a trial witness.

In objecting to Snyderman, Quality Leasing asserts that this additional witness was untimely identified, it is an improper attempt to add an expert witness, and it would be unfairly prejudicial if the belatedly-disclosed witness were allowed to testify. Quality Leasing argues the supplemental witness list was untimely submitted on December 23, 2020, thereby violating the Court's rules, Federal Rule of Civil Procedure 26, and the case management plan. In addition, the Defendants' late filing does not comply with the previously agreed upon deadlines and is nothing more than last minute gamesmanship in reaction to Quality Leasing's timely submissions. Quality Leasing asserts that undue prejudice would result because the Defendants belatedly added the witness after they were made aware of Quality Leasing's trial strategy and positions. It would be unfair to allow the Defendants to untimely name an additional witness after such disclosure.

The Defendants explain that Snyderman is a certified public accountant who has provided business and tax advice to Valley Forge and Stein. Quality Leasing has received more than one hundred pages of Snyderman's records including 2017 and 2018 personal tax returns for Stein and corporate tax returns for Valley Forge. In its trial brief, Quality Leasing revealed its strategy regarding piercing the corporate veil so as to obtain a judgment against Stein individually. The Defendants note that they wish to offer Snyderman as a witness to testify that the record keeping by Valley Forge and Stein were appropriate, and Valley Forge is an S-Corporation with Stein as the sole shareholder and president. The Defendants note that Quality Leasing has listed "Snyderman documents" as Exhibit 172, which consists of one hundred and three pages. The Defendants contend that many of the Snyderman documents require, or at least merit, an explanation, which Snyderman is able to provide. Thus, the Defendants argue, they should be

allowed to call Snyderman as a witness at trial and Quality Leasing may raise objections to specific questions during trial.

In response to Quality Leasing's assertion that Snyderman is offered as an expert, the Defendants contend Snyderman is offered only as a fact witness. Defendants argue allowing Snyderman to explain the documents he submitted in response to Quality Leasing's third-party subpoena does not constitute expert opinion testimony. Finally, the Defendants acknowledged during the final pretrial conference that, "in retrospect, it would have been better had we named him earlier, but until we got the trial brief with some of these allegations, we did not believe his testimony would be necessary."

The Seventh Circuit has explained, "[f]ailure to comply with the disclosure requirements of Rule 26(a) results in automatic and mandatory exclusion of the proffered witness unless the failure was substantially justified or is harmless." *Novak v. Bd. Of Trs.*, 777 F.3d 966, 972 (7th Cir. 2015) (internal citation and quotation marks omitted). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (c), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1).

By waiting until December 23, 2020, to identify Snyderman as a witness for trial, the Defendants failed to comply with the case management order and with Rule 26(a) and (c). The only reason provided for the untimely disclosure is that the Defendants did not think Snyderman's testimony would be necessary until they got a sneak peek at Quality Leasing's trial strategy with the timely filing of Quality Leasing's trial brief. This reason does not amount to "substantial justification" or "harmless" conduct to avoid the automatic and mandatory exclusion of the proffered witness as required by Rule 37(c)(1). It would be unfairly prejudicial to allow a party to

add a previously undisclosed witness after that party has been made aware of the opposing party's trial strategy with the timely filing of a trial brief just before trial.

Therefore, the Court **SUSTAINS** Quality Leasing's objection to Snyderman being added as another trial witness by the Defendants.  Snyderman will not be permitted to testify at trial.

**SO ORDERED.**

Date:   1/5/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Robert R. Tepper
DRESSLER PETERS LLC
rtepper@dresslerpeters.com

John T. Wagener
DRESSER PETERS LLC
jtwagener@dresslerpeters.com

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Service on the following *pro se* litigant will be made via first-class U.S. Mail with proper postage prepaid and will also be served via email:

Mazyar Motraghi
9950 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 0C9
CANADA

mazyarm@hotmail.com

5