**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01969-TWP-TAB |
| ) | |
| INTERNATIONAL METALS LLC, ) | |
| MANISH PUSHYE, VALLEY FORGE ) | |
| EQUIPMENT, INC., MAZYAR MOTRAGHI, ) | |
| and ROBERT STEIN, ) | |
| ) | |
| Defendants. ) | |
| ─────────────────────────────── ) | |
| INTERNATIONAL METALS LLC and ) | |
| MANISH PUSHYE, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |
| ─────────────────────────────── ) | |
| INTERNATIONAL METALS LLC, MANISH ) | |
| PUSHYE, and QUALITY LEASING CO., INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Defendants. ) | |
| ─────────────────────────────── ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |

|  |  |
|---|---|
| MAZYAR MOTRAGHI, | ) |
|  | ) |
| Third Party Defendant. | ) |
|  | ) |
| MAZYAR MOTRAGHI, | ) |
|  | ) |
| Counterclaimant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) |
|  | ) |
| Counterclaim Defendants. | ) |

## ENTRY ON THE COURT'S ORAL RULING ON PLAINTIFF'S RULE 52(C) MOTION

This matter was before the Court for a bench trial on January 25, 2021, on Plaintiff Quality Leasing Co., Inc.'s ("Quality Leasing") individual liability claim against Defendant Robert Stein ("Stein") based upon the theories of unjust enrichment and piercing the corporate veil. After Quality Leasing presented its case in chief, it orally moved for a "directed verdict"—judgment on partial findings—pursuant to Federal Rule of Civil Procedure 52(c). Counsel for Quality Leasing presented argument in favor of a Rule 52(c) judgment, and counsel for Stein presented argument opposing a Rule 52(c) judgment. After hearing the arguments and considering the evidence, the Court **granted** Quality Leasing's oral motion for Rule 52(c) judgment for the reasons stated on the record in open court.

## Legal Standard

Federal Rule of Civil Procedure 52(c) provides,

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

2

A "directed verdict" is permitted in a bench trial pursuant to Rule 52(c). The Court may weigh the evidence and determine witness credibility when considering a Rule 52(c) motion during a bench trial. Furthermore, the Court may make its findings of fact and conclusions of law orally on the record in open court. *See Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018); *Ortloff v. United States*, 335 F.3d 652, 660–61 (7th Cir. 2003).

## Findings of Fact and Conclusions of Law

Quality Leasing's individual liability claim against Stein was based upon the theories of unjust enrichment and piercing the corporate veil. To prevail on a claim of unjust enrichment, "a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991). The courts have articulated three elements for this claim: (1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment. *Kelly v. Levandoski*, 825 N.E.2d 850, 861 (Ind. Ct. App. 2005).

When considering whether to pierce the corporate veil, the factors in disregarding a corporate entity and holding its alter ego responsible for the corporation's debt are the "failure to adhere to corporate formalities, substantial intertwining of personal and corporate affairs, undercapitalization, and the furthering of personal interests, which may constitute a legal basis for imposing liability upon the individual defendants." *Commonwealth, Dep't of Envtl. Res. v. Peggs Run Coal Co.*, 55 Pa. Commw. 312, 319, 423 A.2d 765, 768 (1980) (internal citations omitted).

Prior to trial, the Court granted summary judgment in favor of Quality Leasing and against Defendant Valley Forge Equipment, Inc. ("Valley Forge") on claims of unjust enrichment and breach of contract in the amount of $239,500.00 (Filing No. 257 at 17).

3

As stated on the record during the bench trial, the Court finds by a preponderance of the evidence, and in fact by overwhelming evidence, that Stein was unjustly enriched and that a measurable benefit was conferred on Stein under circumstances in which his retention of the benefit without payment would be unjust. There is no dispute that Valley Forge received $239,500.00 from Quality Leasing for the purpose of paying for and purchasing the baler equipment. Valley Forge did not deliver the equipment and thus did not earn the funds it received. Valley Forge retained the $239,500.00 and has not repaid anything to Quality Leasing. Quality Leasing expected to be repaid the funds that had been loaned to purchase the equipment. Stein wired $100,000.00 to co-defendant Mazyar Motraghi, and he transferred the remaining $139,000.00 to his personal bank account at Wells Fargo. Stein testified at trial that he ultimately used those funds to pay his attorney's fees and living expenses.

As further stated on the record during the bench trial, the Court finds that Valley Forge is actually the alter ego of Stein. Stein has maintained a fiction that Valley Forge is a separate entity, and he cannot claim the protections of a corporate veil. There are no minutes of shareholders' meetings or directors' meetings even though Stein is the sole proprietor of the corporation. He testified in his deposition that there were no meetings, and he contradicted that testimony during trial. Stein was impeached when he said that meetings were held with his accountant. Further, there are no director minutes authorizing any of the transactions. Stein is the sole shareholder.

There is no independent corporate reality. Stein took money out of Valley Forge that was not Valley Forge's to distribute. When he needed money he took it from Valley Forge to pay personal expenses. He moved that money, it appears, to hide it from creditors by converting it into a certified check, and then put it into his brand new company, VFE, and then he used the money

to pay his attorney's fees for this lawsuit, and for his personal living expenses including some dental bills and his condo in South Palm Beach, Florida.

In addition, the evidence at trial supports that Valley Forge was significantly undercapitalized. At the beginning of 2017 its retained earnings were negative, by the beginning of 2018 they were less than $13,000.00 and by the end of 2018 they were less than $4,000.00. This amount of capital is clearly insufficient for a corporation engaging in the type of transactions conducted by Valley Forge.

The mere fact that Stein had an employer ID number and that he filed tax returns and paid taxes and completed some reports each year is not sufficient to overcome the substantial and overwhelming evidence that Valley Forge was a shell corporation.

Because the Court previously entered summary judgment against Valley Forge on the claim of unjust enrichment in the amount of $239,500.00, the Court concludes that Stein is personally liable to Quality Leasing in the amount of **$239,500.00**. If Stein or Valley Forge believe they are entitled to an offset or any credit toward this judgment amount, they may file a motion to reconsider with the Court to alter or amend the judgment within fourteen (14) days of this entry. Although technically, a Motion to Reconsider does not exist under the Federal Rules of Civil Procedure, Rule 54(b) of the Federal Rules of Civil Procedure "governs non-final orders and permits revision at any time prior to the entry of judgment. . . ." *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012).

## Conclusion

For the reasons stated on the record during the bench trial and noted herein, Quality Leasing is **GRANTED** Rule 52(c) judgment on its individual liability claim against Stein based upon the

theories of unjust enrichment and piercing the corporate veil and Stein is personally liable to Quality Leasing in the amount of **$239,500.00**.

Because the claims regarding Defendant/Counterclaimant Motraghi have not yet been resolved, no final judgment will issue at this time. See *Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461, 472 (7th Cir. 2017) ("An order disposing of less than all claims of all parties does not qualify as a final judgment unless the district court enters a Rule 54(b) certification that there is no just reason for delay and that the judgment is indeed final for the party and claim so certified.").

**SO ORDERED.**

Date: 1/26/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Robert R. Tepper
DRESSLER PETERS LLC
rtepper@dresslerpeters.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

John T. Wagener
DRESSER PETERS LLC
jtwagener@dresslerpeters.com

Service on the following *pro se* litigant will be made via first-class U.S. Mail with proper postage prepaid and will also be served via email:

Mazyar Motraghi
9950 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 0C9
CANADA

mazyarm@hotmail.com