## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

| | |
|---|---|
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-cv-01969-TWP-TAB |
| v. ) | |
| ) | |
| INTERNATIONAL METALS LLC, ) | |
| MANISH PUSHYE, MAZYAR MOTRAGHI, ) | |
| VALLEY FORGE EQUIPMENT, INC., ) | |
| and ROBERT STEIN, ) | |
| Defendants, ) | |
| _____) | |
| MANISH PUSHYE and ) | |
| INTERNATIONAL METALS LLC and ) | |
| ) | |
| Counterclaimants, ) | |
| v. ) | |
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |
| _____) | |
| MANISH PUSHYE and ) | |
| INTERNATIONAL METALS LLC, ) | |
| AND QUALITY LEASING CO., INC. ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| v. ) | |
| ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN ) | |
| ) | |
| Third Party Defendants, ) | |
| _____) | |
| ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| Third Party Plaintiffs, ) | |
| v. ) | |
| ) | |
| MAZYAR MOTRAGHI, ) | |
| ) | |
| Third Party Defendant. ) | |

1

|  |  |
|---|---|
| MAZYAR MOTRAGHI, | ) ) ) ) |
| Third Party Counterclaimant, | ) |
| v. | ) ) |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) ) ) |
| Third Party Counterclaim Defendant. | ) ) |

## VALLEY FORGE EQUIPMENT, INC. AND ROBERT STEIN'S MOTION IN LIMINE

Come now Valley Forge Equipment, Inc. and Robert Stein, by counsel and move the court as follows:

To instruct and direct counsel and all witnesses in this cause of action to refrain from making any statement or questions relating to or alluring to, in any manner whatsoever, any of the following matters without first approaching the bench, out of the presence of the jury, so that the Court may first determine the admissibility, relevance or materiality of the following matters before they are injected into the case in the presence of the jury or jury panel:

1.  Any claim by Mazyar Motraghi for mental harm, pain, stress, anguish or similar matters, etc. He testified that he never sought nor received any counseling from any healthcare professional. Motraghi Deposition P. 98, L. 3-25.

When the injured party's own testimony is the only proof of emotional damages, he must explain circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements. *Biggs v. Village of Dupo* 892 F.2d 1298, 1304 (7th Cir. 1990). Thus, we have said that bare allegations by a plaintiff that the defendant's conduct made him "depressed," "humiliated," or the like are not sufficient to establish injury unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer

emotional distress from the defendant's action.  *Alston v. King*, 231 F.3d 383, 388 (7th Cir. 2000).

Mr. Motraghi has not designated any expert testimony concerning these claims.

As stated in the American Law Institute, Restatement of the Law, Second, Contact Section 353, "Loss Due to Emotional Disturbance:  Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result.

2. Any mention of the litigation between and among Quality Leasing, International Metals, Manish Pushye, Valley Forge Equipment, Inc. and Robert Stein.

3. Any mention of the summary judgment motions filed herein by any party and the court's ruling thereon.

4. Any mention of the testimony, exhibits, or court rulings in the case of Quality Leasing, International Metals, Manish Pushye, Valley Forge Equipment and Robert Stein, which was tried on January 25, 2021.

5. Any mention of the purchase price between Quality Leasing, International Metals, Manish Pushye, Valley Forge Equipment and Robert Stein,

6. Any mention of the alleged financial condition of Valley Forge Equipment and Robert Stein,

7. Any mention of the location of the residence of Robert Stein.

These matters are inadmissible for any purpose on the grounds of relevance and unfair prejudice, pursuant to Evidence Rules 402 and 403.  Sustaining objections to such questions, comments, or offers, or issuing limiting instructions, would not cure any prejudice to the Plaintiffs, and would only serve to call attention to the above-referenced matters in the minds of the jurors.

|  |  |
|---|---|
|  | Respectfully submitted, |
| January 29, 2021 | By:  /s/ <u>Harold Abrahamson</u><br>Harold Abrahamson<br>Abrahamson, Reed & Bilse<br>8230 Hohman Avenue<br>Munster, IN 46321<br>Phone: (219) 595-5306<br>Fax: (219) 513-9754<br>Email: aralawfirm@aol.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Quality Leasing Co., Inc. / Paul Fogle / Melissa Johnson
Dennis A. Dressler         Email: ddressler@dresslerpeters.com
Brian Lewis                Email: blewis@dresslerpeters.com

International Metals LLC / Manish Pushye
David J. Jurkiewicz        Email: djurkiewicz@boselaw.com
Sarah Thompson Parks       Email: sparks@boselaw.com
Steven D. Groth            Email: sgroth@boselaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mazyar Motraghi            Email: mazyarm@hotmail.com

Via U.S. Mail
Mazyar Motraghi
9950 Place de l'Acadie, #1673
Montreal, Quebec H4N 0C9

/s/Harold Abrahamson