**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01969-TWP-TAB |
| ) | |
| INTERNATIONAL METALS LLC, ) | |
| MANISH PUSHYE, VALLEY FORGE ) | |
| EQUIPMENT, INC., MAZYAR MOTRAGHI, ) | |
| and ROBERT STEIN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| INTERNATIONAL METALS LLC and ) | |
| MANISH PUSHYE, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |
| _____ ) | |
| INTERNATIONAL METALS LLC, MANISH ) | |
| PUSHYE, and QUALITY LEASING CO., INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Defendants. ) | |
| _____ ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |

|  |  |
|---|---|
| MAZYAR MOTRAGHI, | ) |
| | ) |
| Third Party Defendant. | ) |
| _____ | ) |
| MAZYAR MOTRAGHI, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) |
| | ) |
| Counterclaim Defendants. | ) |

## ENTRY ON VALLEY FORGE AND STEIN'S MOTION IN *LIMINE*

This matter is before the Court on a Motion in *Limine* filed by Defendants Valley Forge Equipment, Inc. ("Valley Forge") and Robert Stein ("Stein") ([Filing No. 289](#)). This action, initiated by Plaintiff Quality Leasing Co., Inc. ("Quality Leasing"), concerns a claim for breach of contract and numerous other claims arising out of agreements relating to the purchase and financing of an automobile logger bailer. Valley Forge and Stein were initially brought into this litigation as third-party defendants, who in turn brought in Mazyar Motraghi ("Motraghi") as a third-party defendant. Numerous third-party claims and counterclaims have been asserted among the parties; some claims have been resolved through summary judgment and others following a bench trial. This action is set for a final pretrial conference on February 24, 2021, in advance of the jury trial on all claims and counterclaims involving Motraghi. Pursuant to the Case Management Plan, Valley Forge and Stein have filed a Motion in *Limine*. For the following reasons, the Court **grants in part and denies in part** their Motion.

## I.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.     DISCUSSION

In their Motion in *Limine*, Valley Forge and Stein ask the Court to make a pretrial determination regarding the admissibility of particular evidence or argument. The Court will address each request in turn.

**A.     Mental or Emotional Injury to Motraghi**

Valley Forge and Stein first ask the Court to preliminarily exclude from trial "[a]ny claim by Mazyar Motraghi for mental harm, pain, stress, anguish or similar matters, etc. He testified that he never sought nor received any counseling from any healthcare professional." ([Filing No. 289 at 2](#).) Valley Forge and Stein assert,

> When the injured party's own testimony is the only proof of emotional damages, he must explain circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements. *Biggs v. Village of Dupo*, 892 F.2d 1298, 1304 (7th Cir. 1990). Thus, we have said that bare allegations by a plaintiff that the defendant's conduct made him "depressed," "humiliated," or the like are not sufficient to establish injury unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional

3

distress from the defendant's action. *Alston v. King*, 231 F.3d 383, 388 (7th Cir. 2000).

*Id.* at 2–3. They argue that Motraghi has not designated any expert testimony concerning these claims. And they rely on the American Law Institute, Restatement of the Law, Second, Contact Section 353, which states "Loss Due to Emotional Disturbance: Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Id*. at 3.

In response, Motraghi argues,

> The mental harm, emotional disturbance, pain, stress, anguish and similar injury that Stein/VALLEY FORGE's wrongful conduct inflicted upon Motraghi are central to Motraghi's intended testimony at trial. Motraghi wishes and intends to describe the wrongful acts committed by Stein/VALLEY FORGE at trial and to give a detailed description of their resultant mental injuries. To exclude mention of all such injuries sustained by Motraghi for absence of counselling from a healthcare professional would be unjust, unfair and prejudicial to Motraghi in that it would automatically neutralize or nullify Motraghi's claim for mental harm without any hearing of its merits, finding by the jury or judicial determination by the court. Stein/VALLEY FORGE's wrongful conduct was egregious and caused serious emotional disturbance, as any reasonable person would conclude upon hearing and examining the evidence, and as such needs no support of expert testimony. Motraghi objects to any exclusion of his claim for mental harm and related injuries.

(Filing No. 304 at 2–3.)

In his Answer and Third-Party Counterclaim against Valley Forge and Stein, Motraghi asserts the following claims: Count I deceit, Count II intentional breach of contract, Count III theft/larceny and conversion, Count IV conversion and deprivation of funds, Count V assault, Count VI defamation, Count VII interference with access to bank accounts, Count VIII wrongful infliction of extreme hardship, Count IX interference with prospective economic advantage, and Count X fraudulent pleading (Filing No. 69 at 51–62). In Counts V, VI, VIII, and X—assault, defamation, wrongful infliction of extreme hardship, and fraudulent pleading—Motraghi makes

4

reference to suffering mental distress, pain, and anguish. He does not, however, plead any independent claims for intentional or negligent infliction of emotional distress. As such, Motraghi will not be permitted to pursue during the jury trial any emotional distress claims or damages as an independent claim because such a claim was not included in the pleadings.

However, the Seventh Circuit noted in *Alston* (a case upon which Valley Forge and Stein rely) that "an injured person's testimony may, by itself or in conjunction with the circumstances of a given case, be sufficient to establish emotional distress without more." *Alston*, 231 F.3d at 388. Motraghi may present evidence concerning his suffering mental distress, pain, and anguish as it relates to his asserted claims because Valley Forge and Stein have not met the high standard for a motion in *limine* of showing the evidence clearly is not admissible for any purpose.

Moreover, the concerns raised by Valley Forge and Stein about emotional or mental damages can be appropriately addressed through cross-examination—such as questions concerning Motraghi's lack of professional counseling received—as well as jury instructions and special verdict forms. For these reasons, the Motion in *Limine* is **denied** as to evidence regarding mental or emotional damage to Motraghi.

**B.     Other Miscellaneous Matters**

Next, Valley Forge and Stein ask the Court to preliminarily exclude from trial the following evidence, argument, or testimony based on the general argument that the evidence is irrelevant and unfairly prejudicial:

> 2. Any mention of the litigation between and among Quality Leasing, International Metals, Manish Pushye, Valley Forge Equipment, Inc. and Robert Stein.
> 3. Any mention of the summary judgment motions filed herein by any party and the court's ruling thereon.
> 4. Any mention of the testimony, exhibits, or court rulings in the case of Quality Leasing, International Metals, Manish Pushye, Valley Forge Equipment and Robert Stein, which was tried on January 25, 2021.

       5.   Any mention of the purchase price between Quality Leasing, International Metals, Manish Pushye, Valley Forge Equipment and Robert Stein.
       6.   Any mention of the alleged financial condition of Valley Forge Equipment and Robert Stein.
       7.   Any mention of the location of the residence of Robert Stein.

([Filing No. 289 at 3](#).)

In response, Motraghi argues that each of these matters is relevant to the claims to be tried by the jury and none are unfairly prejudicial to Valley Forge and Stein. He asserts that these matters are necessary to the jury's correct understanding of the sequence of events and the underlying causes of the events giving rise to the claims in this case.

With the exception of the request pertaining to the mention of the location of the residence of Robert Stein, the Court concludes that excluding the remaining matters before trial is not appropriate. Valley Forge and Stein have not provided any analysis, discussion, supporting case law, or anything else to support their bald assertion that these matters are irrelevant and unfairly prejudicial. Many of these matters appear to be relevant to the claims being tried by the jury.

In his Response, Motraghi does not object to excluding evidence concerning the location of Stein's residence; nor does he contend that this evidence is relevant to any issues for the trial. The Court recognizes that disclosure of the address or specific location of Stein's residence in a public trial unnecessarily discloses confidential information, so the Court **grants** the motion *in limine* regarding this evidence and **excludes** this specific testimony.

Regarding the remaining assertions, at this pretrial stage, the Court cannot conclude that these matters clearly are not admissible for any purpose, and thus determines that the evidentiary rulings must be deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context. Thus, the Motion in *Limine* is **denied** as to these additional matters.

Case 1:18-cv-01969-TWP-TAB   Document 315   Filed 02/11/21   Page 7 of 7 PageID #: 3052

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Valley Forge's and Stein's Motion in *Limine* ([Filing No. 289](#)). The Motion is **granted** concerning the exclusion of evidence and testimony concerning the location of Stein's residence. The Motion is **denied** in all other respects. An order in *limine* is not a final, appealable order. If the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence outside the presence of the jury.

**SO ORDERED.**

Date: 2/11/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Robert R. Tepper
DRESSLER PETERS LLC
rtepper@dresslerpeters.com

John T. Wagener
DRESSER PETERS LLC
jtwagener@dresslerpeters.com

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Service on the following *pro se* litigant will be made via first-class U.S. Mail with proper postage prepaid and will also be served via email:

Mazyar Motraghi
9950 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 0C9
CANADA

mazyarm@hotmail.com