**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| QUALITY LEASING CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01969-TWP-TAB |
| | ) | |
| INTERNATIONAL METALS LLC, MANISH PUSHYE, VALLEY FORGE EQUIPMENT, INC., MAZYAR MOTRAGHI, and ROBERT STEIN, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| INTERNATIONAL METALS LLC and MANISH PUSHYE, | ) ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUALITY LEASING CO., INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |
| INTERNATIONAL METALS LLC, MANISH PUSHYE, and QUALITY LEASING CO., INC., | ) ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) ) | |
| | ) | |
| Third Party Defendants. | ) | |
| _____ | ) | |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |

|   |   |
|---|---|
| MAZYAR MOTRAGHI, | ) |
| | ) |
| Third Party Defendant. | ) |
| | ) |
| MAZYAR MOTRAGHI, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) |
| | ) |
| Counterclaim Defendants. | ) |

## ORDER ON ROBERT STEIN'S MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration (Filing No. 305) filed by Defendant Robert Stein ("Stein"). On January 25, 2021, the Court conducted a bench trial on the claims brought by Plaintiff Quality Leasing Co., Inc. ("Quality Leasing") against Stein for individual liability based upon the theories of unjust enrichment and piercing the corporate veil. After Quality Leasing presented its case in chief, it orally moved for a "directed verdict"—judgment on partial findings—pursuant to Federal Rule of Civil Procedure 52(c), which the Court granted. Thereafter, the Court entered its Order on the Rule 52(c) motion, wherein the Court ruled that Stein is the alter ego of Defendant Valley Forge Equipment, Inc. ("Valley Forge"), and he is personally liable to Quality Leasing for unjust enrichment in the amount of $239,500.00 (Filing No. 280 at 5–6). Stein filed the pending Motion for Reconsideration, asking the Court to reduce the amount of the liability award against him. For the following reasons, the Court **denies** the Motion.

## I.      LEGAL STANDARD

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II.     DISCUSSION

In his Motion for Reconsideration, Stein asks the Court to reduce the amount of his personal liability to Quality Leasing on the unjust enrichment claim from $239,500.00 to $134,531.43. In support of his request for the Court to reconsider the amount of liability, Stein asserts,

> The undisputed evidence indicates that Valley Forge Equipment Inc. paid $100,000.00 to Mazyar Motraghi for the purchase of the equipment.
> Further, the undisputed evidence is that Valley Forge Equipment made a payment in the amount of $4,968.57 to Quality Leasing in connection with the financing agreement between Quality Leasing and International Metal and Manish Pushye.
> Based on the Court's determination, Robert Stein is entitled to a credit or setoff in the amount of $104,968.57, to **a total liability of $134,531.43.**

(Filing No. 305 at 2 (emphasis in original).)

4

Stein directs the Court's attention to a Wisconsin state court decision concerning damages for an unjust enrichment claim:

> *Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co.* 557 N.W. 2d 67, contains a discussion of damages for unjust enrichment. The Court states: "[A]n action for recovery based upon unjust enrichment is grounded on the moral principle that one who has received a benefit has a duty to make restitution where retaining such a benefit would be unjust." "Accordingly, unjust enrichment is based on equitable principles with damages being measured by the benefit conferred upon the defendant, not the plaintiff's loss."

([Filing No. 305 at 2](#).)

After considering the evidence presented at trial, the ruling on summary judgment, the ruling on the Rule 52(c) motion, and Stein's brief argument in his Motion for Reconsideration, the Court concludes that reconsideration of the personal liability award against Stein is not warranted. The only case upon which Stein relies actually supports the Court's initial ruling on the unjust enrichment claim. It explains that "unjust enrichment is based on equitable principles with damages being measured by the *benefit conferred upon the defendant*, not the plaintiff's loss." *Mgmt. Comput. Servs. v. Hawkins, Ash, Baptie & Co.*, 557 N.W.2d 67, 79–80 (Wis. 1996) (emphasis added).

Valley Forge and Stein had a benefit conferred upon them by Quality Leasing in the amount of $239,500.00. That Valley Forge paid $100,000.00 to co-defendant Mazyar Motraghi does not change the fact that Quality Leasing conferred a benefit upon Valley Forge and Stein in the amount of $239,500.00. Additionally, that Valley Forge made a payment in the amount of $4,968.57 to Quality Leasing in connection with the financing agreement does not change the fact that Quality Leasing conferred a benefit upon Valley Forge and Stein in the amount of $239,500.00. This payment made by Valley Forge may be addressed in proceedings supplemental or when Quality Leasing seeks payment on Valley Forge's and Stein's liability, but the payment does not change

the total liability of Valley Forge and Stein. The Court did not make a manifest error of law or fact and there is no newly discovered evidence to justify reconsidering the total liability amount and reducing the award from $239,500.00 to $134,531.43.

### III.   CONCLUSION

For the foregoing reasons, Stein's Motion for Reconsideration (Filing No. 305) is **DENIED**.

**SO ORDERED.**

Date: 2/19/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Robert R. Tepper
DRESSLER PETERS LLC
rtepper@dresslerpeters.com

John T. Wagener
DRESSER PETERS LLC
jtwagener@dresslerpeters.com

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Service on the following *pro se* litigant will be made via first-class U.S. Mail with proper postage prepaid and will also be served via email:

Mazyar Motraghi
9950 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 0C9
CANADA

mazyarm@hotmail.com