**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-01969-TWP-TAB |
| ) | |
| INTERNATIONAL METALS LLC, ) | |
| MANISH PUSHYE, VALLEY FORGE ) | |
| EQUIPMENT, INC., MAZYAR MOTRAGHI, ) | |
| and ROBERT STEIN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| INTERNATIONAL METALS LLC and ) | |
| MANISH PUSHYE, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |
| _____ ) | |
| INTERNATIONAL METALS LLC, MANISH ) | |
| PUSHYE, and QUALITY LEASING CO., INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Defendants. ) | |
| _____ ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |

|  |  |
|---|---|
| MAZYAR MOTRAGHI, | ) ) ) |
| Third Party Defendant. | ) ) |
| MAZYAR MOTRAGHI, | ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) ) ) |
| Counterclaim Defendants. | ) |

## ENTRY ON PENDING PRETRIAL MOTIONS

This matter is before the Court on a Motion to Preclude Mr. Motraghi from Making Certain Comments in His Opening Statement ([Filing No. 319](#)) and a Motion to Preclude Mr. Motraghi from Testifying in Narrative Form ([Filing No. 320](#)) filed by Defendants Valley Forge Equipment, Inc. ("Valley Forge") and Robert Stein ("Mr. Stein"). This action—initiated by Plaintiff Quality Leasing Co., Inc. ("Quality Leasing")—concerns a claim for breach of contract and numerous other related claims arising out of agreements as they relate to the purchase and financing of an automobile logger baler. Valley Forge and Stein were initially brought into this litigation as third-party defendants, who in turn brought in Mazyar Motraghi ("Mr. Motraghi") as a third-party defendant. Numerous third-party claims and counterclaims have been asserted among the parties. The matter is set for a final pretrial conference on February 24, 2021, in advance of the jury trial on all claims and counterclaims involving Mr. Motraghi. For the following reasons, the Court **grants in part and denies in part** the Motion to Preclude Mr. Motraghi from Making Certain Comments in His Opening Statement and **denies** the Motion to Preclude Mr. Motraghi from Testifying in Narrative Form.

2

### A.     <u>Motion to Preclude Mr. Motraghi from Making Certain Comments in His Opening Statement</u>

In their first Motion, Valley Forge and Mr. Stein ask the Court to preclude Mr. Motraghi from making any statement in his opening statement concerning mental and emotional injury, litigation between and among Quality Leasing, International Metals, Manish Pushye, Valley Forge and Mr. Stein, any mention of the summary judgment motions and the Court's ruling, and any mention of the testimony. Valley Forge and Mr. Stein assert that the Court has ruled on their motion in *limine* and denied all matters except the location of the residence of Mr. Stein.

Valley Forge and Mr. Stein argue that if Mr. Motraghi is permitted to comment on the matters which are the subject of the motion in *limine*, those comments could be prejudicial to the claims and defenses of Valley Forge and Mr. Stein. If the jury is permitted to hear these statements, objections, and requests for the Court to instruct the jury to disregard those statements, such will probably be ineffective, even if the Court sustains objections and so instructs the jury. If the court sustains objections to such testimony during the course of trail, after arguments outside the presence of the jury, the damage will have already been done. Valley Forge and Mr. Stein further argue that opening statements are not for argument or instructing on the law or expressing personal opinions. Rather, opening statements are for explaining what is expected to be shown by the evidence. Thus, they ask the Court to prohibit Mr. Motraghi from mentioning any of the matters that are the subject of the Order on the motion in *limine*.

Mr. Motraghi responds that the statements Valley Forge and Mr. Stein wish to preclude from opening statements are the same matters that they sought to exclude through their motion in *limine*, but the Court denied their request to exclude these matters from trial. Mr. Motraghi asserts, "In their instant motion to preclude, Stein and VALLEY FORGE are merely attempting to accomplish what they failed to accomplish with their motion in limine, namely to prevent Motraghi

3

from fully informing the jury as to Stein/VALLEY FORGE's wrongful conduct." ([Filing No. 329 at 3](#).) Mr. Motraghi argues that the matters Valley Forge and Mr. Stein seek to exclude are relevant to the claims being tried, and it would be unfairly prejudicial to exclude such facts. He concludes that he "has the right to apprise the jury of what he expects the evidence will show, without interference or unjustified restrictions from any opponent." *Id.* at 4.

Mr. Motraghi's arguments are well-taken. The Court previously denied the motion in *limine* filed by Valley Forge and Mr. Stein requesting to exclude all testimony and evidence about mental and emotional injury, litigation between and among Quality Leasing, International Metals, Manish Pushye, Valley Forge and Mr. Stein, and any mention of the summary judgment motions and the Court's ruling. Valley Forge and Mr. Stein cannot now seek to circumvent that Order by again requesting the same relief in the context of the parties' opening statements. However, as the Court noted in its Order, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. And further, if a party believes that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence outside the presence of the jury (see [Filing No. 315 at 3](#), 7).

A party is not granted free rein to declare anything they please during their opening statement, but Mr. Motraghi is correct that he has the right to tell the jury what he expects the evidence will show without unnecessary interference or objections. Therefore, the Court **grants in part and denies in part** Valley Forge's and Mr. Stein's Motion. The Motion is **denied** to the extent it seeks to restrict Mr. Motraghi's opening statement based on specific topics raised in the motion in *limine*. The Motion is **granted** in that Mr. Motraghi may not present legal arguments, irrelevant facts, or personal opinions during his opening statement. To this end, the parties are **ordered** to

limit their opening statement to the content of their trial briefs. Valley Forge and Stein have already submitted their trial brief. ([Filing No. 292](#)).  Motraghi shall submit a trial brief--no longer than ten pages in length--**one week prior to the first day of trial**, explaining what he expects the evidence will show. This procedure will allow for any objections to be raised and resolved prior to trial to permit uninterrupted opening statements from the parties.

**B.      Motion to Preclude Mr. Motraghi from Testifying in Narrative Form**

In their next Motion, Valley Forge and Mr. Stein ask the Court to preclude Mr. Motraghi from testifying in narrative format. They assert that if Mr. Motraghi is permitted to testify in narrative form, it will be difficult if not impossible to object to his testimony, which will have already been given. They argue that a motion to strike and instructions to the jury to disregard testimony that they have already heard is not effective. Thus, they contend Mr. Motraghi should be required to present his direct testimony in writing well in advance of the trial to allow Valley Forge and Mr. Stein to file objections and motions to strike, or alternatively, Mr. Motraghi should be required to proceed in question and answer form.

In response, Mr. Motraghi asserts that this matter does not involve "difficult questions" as suggested by Valley Forge and Mr. Stein. They did not identify any difficult questions, and they did not confer with Mr. Motraghi about such topics before filing their Motion, as explained by the Court's practices and procedures. Mr. Motraghi notes that the Court's "advance notice" mentioned in the practices and procedures refers to giving the Court notice, not the early submission of written testimony to an opponent before trial. He suggests it would be unjust and unfairly prejudicial to require him to provide his testimony in written form to his opponents before trial. Mr. Motraghi concludes that it is no more difficult to object to testimony in narrative format as it is to object to testimony in question and answer format.

The Federal Rules of Evidence direct trial courts to "exercise reasonable control over the mode . . . of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth." Fed. R. Evid. 611(a). The Court agrees that Mr. Motraghi's arguments are well-taken. It would be unfairly prejudicial to require him to give his opponents a transcript of his testimony in advance of trial. Accordingly, Valley Forge's and Mr. Stein's Motion is **denied**. However, to preserve opposing counsel's ability to object, the Court will require that during his testimony, Mr. Motraghi will ask himself a question, and then he may give the answer in narrative form.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Valley Forge's and Mr. Stein's Motion to Preclude Mr. Motraghi from Making Certain Comments in his Opening Statement (Filing No. 319). Mr. Motraghi is **ordered** to submit a short trial brief **one week prior to the first day of trial**, explaining what he expects the evidence will show. The opening statements will be limited to the content of the trial briefs. Additionally, the Court **DENIES** the Motion to Preclude Mr. Motraghi from Testifying in Narrative Form (Filing No. 320).

    SO ORDERED.

Date:  2/23/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Robert R. Tepper
DRESSLER PETERS LLC
rtepper@dresslerpeters.com

John T. Wagener
DRESSER PETERS LLC
jtwagener@dresslerpeters.com

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Service on the following *pro se* litigant will be made via first-class U.S. Mail with proper postage prepaid and will also be served via email:

Mazyar Motraghi
9950 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 0C9
CANADA

mazyarm@hotmail.com