# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01969-TWP-MG |
| ) | |
| INTERNATIONAL METALS LLC, ) | |
| MANISH PUSHYE, VALLEY FORGE ) | |
| EQUIPMENT, INC., MAZYAR MOTRAGHI, ) | |
| and ROBERT STEIN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| INTERNATIONAL METALS LLC and ) | |
| MANISH PUSHYE, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |
| _____) | |
| INTERNATIONAL METALS LLC, MANISH ) | |
| PUSHYE, and QUALITY LEASING CO., INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Defendants. ) | |
| _____) | |
| VALLEY FORGE EQUIPMENT, INC. and ) | |
| ROBERT STEIN, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |

|  |  |
|---|---|
| MAZYAR MOTRAGHI, | ) |
|  | ) |
| Third Party Defendant. | ) |
|  | ) |
| MAZYAR MOTRAGHI, | ) |
|  | ) |
| Counterclaimant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) |
|  | ) |
| Counterclaim Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR RULE 54(B) CERTIFICATION

This matter is before the Court on a Motion for Rule 54(b) Certification, (Filing No. 326), filed by Plaintiff Quality Leasing Co., Inc. ("Quality Leasing"). Quality Leasing asks the Court to find there is no just reason to delay entry of judgment as to the following Orders and to certify each as final and immediately appealable:

1) July 20, 2020, Order dismissing Motraghi's counterclaim against Quality Leasing and its officers (Filing No. 224)
2) December 11, 2020, Order granting Quality Leasing summary judgment against Valley Forge (Filing No. 257); and
3) January 26, 2021, Entry entering judgment in favor of Quality Leasing and against Stein following the bench trial (Filing No. 280).

For the reasons discussed below, the Motion is **granted**.

## I. DISCUSSION

The case is presently set for a jury trial to commence June 29, 2021, to try various claims asserted among Defendants Valley Forge, Robert Stein ("Stein"), and Mazyar Motraghi ("Motraghi"), as well as Quality Leasing's claims for unjust enrichment and conversion against Motraghi. (Filing No. 344.)

2

On January 25, 2021, the Court conducted a bench trial on the claims brought by Quality Leasing against Defendant Stein for individual liability based upon the theories of unjust enrichment and piercing the corporate veil. After Quality Leasing presented its case in chief, it orally moved for a "directed verdict"—judgment on partial findings—pursuant to Federal Rule of Civil Procedure 52(c), which the Court granted. Thereafter, the Court entered its Order on the Rule 52(c) motion, wherein the Court ruled that Stein is the alter ego of Defendant Valley Forge, and he is personally liable to Quality Leasing for unjust enrichment in the amount of $239,500.00 (Filing No. 280 at 5–6). Because the claims regarding Defendant/Counterclaimant Motraghi remained pending, the Court determined that,

> no final judgment will issue at this time. See *Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461, 472 (7th Cir. 2017) ("An order disposing of less than all claims of all parties does not qualify as a final judgment unless the district court enters a Rule 54(b) certification that there is no just reason for delay and that the judgment is indeed final for the party and claim so certified.

*Id*. at 6.

Prior to conducting the bench trial against Stein, the Court granted Quality Leasing's motion for summary judgment against Valley Forge on December 11, 2020, (Filing No. 257). The Court entered summary judgment against Valley Forge in favor of Quality Leasing on Quality Leasing's claims for unjust enrichment and breach of contract for an award in the amount of $239,500.00. *Id.* at 17.

Months earlier, the Court granted a motion to dismiss filed by Plaintiff/Counterclaim Defendant Quality Leasing and Counterclaim Defendants Paul Fogle and Melissa Johnson (collectively, "Counterclaim Defendants") (Filing No. 224). In their motion to dismiss, Counterclaim Defendants asked the Court to dismiss *pro se* Defendant/Counterclaimant Motraghi's counterclaim for "false claim". The Court dismissed with prejudice Motraghi's

3

counterclaim for false claim because of various deficiencies, including the failure to state a claim upon which relief can be granted. *Id.* at 11.

Quality Leasing now asks for Rule 54(b) certification of the Orders on the Motion to dismiss, the Motion for Summary Judgment, and the motion for a directed verdict/judgment on partial findings (Filing No. 224; Filing No. 257; Filing No. 280). Quality Leasing asserts that there are no substantial funds in Valley Forge's bank account, and Stein testified that he ultimately spent Valley Forge's funds on his personal living expenses and on legal fees; thus, both Stein and Valley Forge appear to be in precarious financial condition. Furthermore, Motraghi initially demanded a jury trial but later withdrew his jury demand. Stein and Valley Forge objected and then demanded a jury trial. When Motraghi proposed a virtual jury trial to accommodate his possible inability to travel, Stein and Valley Forge opposed that request. Quality Leasing argues that Stein and Valley Forge are clearly and unambiguously seeking delay. Absent the requested Rule 54(b) certification, Stein and Valley Forge will undoubtedly dissipate any funds they might still have, or they may hide those recoverable assets to "protect" them from Quality Leasing.

Quality Leasing desires to initiate immediate attempts to collect its judgments against Stein and Valley Forge, and it seeks certification of the same under Rule 54(b). If such certification is granted, then Quality Leasing explains it will also seek certification of the dismissal of Motraghi's counterclaim and will agree to not pursue its claims against Motraghi as long as Motraghi's counterclaim against Quality Leasing and its officers is not reinstated. This would leave to be tried before the jury on June 28, 2021 only the claims among Motraghi, Valley Forge, and Stein.

These remaining claims relate solely to which party was at fault in causing the sale of the baler from Motraghi to Valley Forge to not be consummated. The facts and law involved in these claims are completely distinct from the facts and law involved in the matters already decided, the

4

matters whose certification is sought. If Stein, Valley Forge, or Motraghi appeal the judgments and order for which certification is sought, those appeals will not involve any overlap with the yet to be decided claims.

> When considering Rule 54(b) certification, courts generally consider factors including:
>
> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980) (internal citation omitted).

Quality Leasing asserts that in this case there is absolutely no relationship between the adjudicated claims and the unadjudicated claims; there is no reasonable chance that the judgments against Valley Forge, Stein, or Motraghi will be mooted by later events (but there is a possibility that the unadjudicated claims might be mooted); there is no possibility that the Seventh Circuit would have to consider the same issue twice; there is no potential offset; and the miscellaneous factors (especially solvency considerations) strongly favor Quality Leasing's request for certification. Quality Leasing concludes that "there is no reason to delay collection --- literally 'no just reason to delay enforcement or appeal.' The motion should be granted." (Filing No. 327 at 8–9.)

Motraghi did not respond to Quality Leasing's Motion for Rule 54(b) Certification. However, Valley Forge and Stein responded asserting their belief that the pre-trial filings by Quality Leasing and Motraghi, implicate that the issues to be tried by jury "will or may include overlapping contentions and/or evidence from the Bench Trial January 25, 2021." (Filing No. 335

5

at 2.) They note that Quality Leasing listed the same exhibits for the upcoming jury trial as it had listed for the previously held bench trial. Many of the witnesses to be called at trial are the same for Quality Leasing and Motraghi. Quality Leasing and Motraghi designated much of the same deposition testimony for trial. Valley Forge and Stein further argue that the Court previously denied a motion in *limine* to preliminarily exclude evidence about the claims involving Quality Leasing and the other parties to the litigation.

Valley Forge and Stein assert that Rule 54(b) certification is not appropriate where resolved claims and pending claims significantly overlap, and certification should not be entered routinely or as a courtesy or accommodation to counsel. The Court should weigh the policy disfavoring piecemeal appeals against any exigencies in the case. Valley Forge and Stein further respond that there is nothing in the record or in their counsel's statements to support the assertion that they are clearly and unambiguously seeking delay.

Quality Leasing replies that Valley Forge's and Stein's response does not address the actual claims to be tried; rather, they rely on an inadequate argument that the witnesses and evidence will be the same despite the fact that the claims are independent and different. Quality Leasing asserts that the resolved claims are that Motraghi has no claim against Quality Leasing for wrongfully suing him, Valley Forge owes Quality Leasing for breach and unjust enrichment, and Stein is personally liable for Valley Forge's debt. Quality Leasing argues that none of the remaining claims are related, which address the breach of contract between Valley Forge and Motraghi. The Court's previous Orders fully and permanently disposed of the resolved claims.

The Court first notes that economic and solvency considerations strongly favor granting Rule 54(b) certification of the Court's three previous Orders. The record is clear that Valley Forge and Stein—who have been adjudicated to be liable to Quality Leasing in the amount of

6

$239,500.00—are in a precarious financial condition. Their financial conditions favor certification.

Furthermore, there are no claims that remain for trial between Quality Leasing on the one hand and Valley Forge and Stein on the other.  The claims that have been resolved, and for which Quality Leasing seeks Rule 54(b) certification, are Quality Leasing's claims for breach of contract and unjust enrichment against Valley Forge, Quality Leasing's claim for Stein's personal liability for unjust enrichment, and Motraghi's counterclaim for "false claim" against Quality Leasing.

The claims that currently remain for trial are: (a) Quality Leasing's claims for unjust enrichment and conversion against Motraghi; (b) Valley Forge's and Stein's claims against Motraghi for breach of contract, actual fraud and fraudulent misrepresentation, tortious interference with a contract, breach of express warranty, negligent misrepresentation, intentional interference with existing contractual/business relations, civil theft and conversion, and contribution/ indemnification; and (c) Motraghi's claims against Valley Forge and Stein for deceit, intentional breach of contract, theft/larceny and conversion, conversion and deprivation of funds, assault, defamation, interference with access to bank accounts, wrongful infliction of extreme hardship, interference with prospective economic advantage, and fraudulent pleading.

While many of the exhibits identified on the parties' exhibit lists are the same for the bench trial and the jury trial, it is clear that the remaining claims are independent of the claims that were resolved in the Court's three Orders.  Resolution of the remaining claims very likely will not affect the already-decided claims nor will it moot them, and the Court of Appeals would not need to consider the same issues twice.  This also is true of Motraghi's dismissed claim for "false claim" against Quality Leasing. Quality Leasing has good economic reasons to start collection

proceedings as soon as possible, and the Court's considerations lead to the conclusion that there is no just reason for delay of entry of judgment as to its three Orders.

## II. CONCLUSION

For the reasons explained above, Quality Leasing's Motion for Rule 54(b) Certification ([Filing No. 326](Filing No. 326)) is **GRANTED**, and the following Orders are **certified as final and immediately appealable**:

1) July 20, 2020, Order dismissing Motraghi's counterclaim against Quality Leasing and its officers ([Filing No. 224](Filing No. 224))
2) December 11, 2020, Order granting Quality Leasing summary judgment against Valley Forge ([Filing No. 257](Filing No. 257)); and
3) January 26, 2021, Entry entering judgment in favor of Quality Leasing and against Stein following the bench trial ([Filing No. 280](Filing No. 280)).

**SO ORDERED.**

Date: 5/13/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Robert R. Tepper
DRESSLER PETERS LLC
rtepper@dresslerpeters.com

John T. Wagener
DRESSER PETERS LLC
jtwagener@dresslerpeters.com

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Service on the following *pro se* litigant will be made via first-class U.S. Mail with proper postage prepaid and will also be served via email:

Mazyar Motraghi
9950 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 0C9
CANADA

mazyarm@hotmail.com