**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| QUALITY LEASING CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01969-TWP-MG |
| | ) | |
| INTERNATIONAL METALS LLC, | ) | |
| MANISH PUSHYE, VALLEY FORGE | ) | |
| EQUIPMENT, INC., MAZYAR MOTRAGHI, | ) | |
| and ROBERT STEIN, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| INTERNATIONAL METALS LLC and | ) | |
| MANISH PUSHYE, | ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUALITY LEASING CO., INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| ———————————————— | ) | |
| INTERNATIONAL METALS LLC, MANISH | ) | |
| PUSHYE, and QUALITY LEASING CO., INC., | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VALLEY FORGE EQUIPMENT, INC. and | ) | |
| ROBERT STEIN, | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| ———————————————— | ) | |
| VALLEY FORGE EQUIPMENT, INC. and | ) | |
| ROBERT STEIN, | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |

|                                          |     |
|------------------------------------------|-----|
| MAZYAR MOTRAGHI,                          | )   |
|                                          | )   |
|                                          | )   |
| Third Party Defendant.                    | )   |
| _____  | )   |
| MAZYAR MOTRAGHI,                          | )   |
|                                          | )   |
| Counterclaimant,                          | )   |
|                                          | )   |
| v.                                        | )   |
|                                          | )   |
| VALLEY FORGE EQUIPMENT, INC. and          | )   |
| ROBERT STEIN,                             | )   |
|                                          | )   |
| Counterclaim Defendants.                  | )   |

## **ENTRY ON MOTION TO VACATE MINUTE ORDER AND REINSTATE TRIAL**

This matter is before the Court on a Motion to Vacate Minute Order and Reinstate Trial filed by *pro se* Defendant/Counterclaimant Mazyar Motraghi ("Motraghi") ([Filing No. 391](#)). This matter was previously scheduled for a bench trial on June 29, 2021; however, on June 16, 2021, Motraghi and Defendants Valley Forge Equipment, Inc. ("Valley Forge") and Robert Stein ("Stein") participated in a settlement conference with the Magistrate Judge, wherein the parties negotiated a resolution of their claims, and the bench trial was thereafter vacated ([Filing No. 387](#)). On June 18, 2021, Motraghi filed the pending Motion to Vacate.

In his Motion, Motraghi argues that near the end of the telephonic settlement conference between the parties, which lasted more than three hours and after being denied additional time to reflect on the settlement offer, he reluctantly agreed to the settlement offer arranged by the Magistrate Judge. Approximately ten minutes after the settlement conference concluded, Motraghi called the Magistrate Judge's chambers and spoke with the courtroom deputy clerk. Motraghi notes that he was told the Magistrate Judge was unavailable, and he explained that he had "made a

mistake" and did not agree to settle with his opponents. Motraghi was told that this information would be relayed to the Magistrate Judge (Filing No. 391 at 2–3).

The following day, on June 17, 2021, Motraghi explains, he was surprised to learn that the Magistrate Judge had entered a Minute Order recognizing the existence of a settlement agreement between the parties and vacating the bench trial. Motraghi asserts that he objects to the Minute Order at Filing No. 387, and he objects to the presumption of a settlement agreement existing between him and Stein and Valley Forge. He now contends that he "does not agree to settle with his opponents Robert Stein and VALLEY FORGE EQUIPMENT INC.," and he "demands that this matter proceed to trial." *Id.* at 3.

Valley Forge and Stein respond,

> An agreement was reached between the parties to settle the claims between Mazyar Motraghi and Valley Forge Equipment Inc. and Robert Stein. The verbal agreement provided as follows:

> Agreed to:

> The Parties will each agree to dismiss, with prejudice, any and all claims brought against each other in, and which relate to, the subject matter of any claims pending in this case, specifically, the allegations and claims relating to the sale of automobile baler between them in 2017 and the Parties' actions thereafter.

> The parties agree by their respective dismissals that neither is admitting to the allegations levied against one another. This agreement resolves and eliminates any and all claims and statements made to **or** against one another and all claims levied against third parties arising out of the parties' dispute.

> The Parties acknowledge no wrongdoing by each other and desire to resolve their differences in a manner as if these claims had not occurred in the first place.

> The Parties agree to the withdraw of Doc. 184-1 "Declaration of Robert Stein".

> The Parties shall be responsible for their own attorneys' fees and costs.

> The Parties shall sign and file an agreed stipulation of dismissal of all claims within 7 days.

The terms of the agreement are very clear.

The settlement agreement was recorded by Magistrate Judge Garcia and agreed to verbally by all parties, with Magistrate Judge Garcia stating he would file a Minute Entry Order.

Pursuant to the settlement agreement Magistrate Judge Garcia entered the Minute Entry [Doc. 387], a copy of which is attached hereto as Exhibit A.

(Filing No. 394 at 2.)

In their opposition brief, Valley Forge and Stein provide a plethora of case law regarding the enforceability of settlement agreements from this Court's decision in another case.

A settlement agreement is a contract that is enforceable under ordinary state law contract principles. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). A settlement agreement in a federal case is "just like any other contract." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). Here, Indiana law governs, and under Indiana law, an agreement to settle a lawsuit is generally enforceable. *See Zimmerman v. McColley*, 826 N.E.2d 71, 76-79 (Ind. Ct. App. 2005). "It is established that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.* at 76 (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)).

Oral settlement agreements are treated no differently than any other binding oral agreement under federal law; an oral settlement agreement "is binding and enforceable so long as it contains 'all terms of the contract to be made.'" *Id.* at 837 n. 5 (quoting *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 862 (7th Cir. 1986); citing *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454 (7th Cir. 1986)); *see also*, *Trask v. Bish*, No. 2:13-CV-1, 2013 WL 6095631, at *4 (N.D. Ind. Nov. 19, 2013) ("[A] change of heart after [a party] had agreed to the oral settlement does not undo the agreement. A party who has previously authorized a settlement remains bound to its terms even if she changes her mind."). In evaluating the legal effect of the parties' "agreement," courts consider the parties' outward manifestation of intent. *See Rosco v. Equifax Info. Servs., Inc.*, No. 1:14-CV-141, 2015 WL 5613203, at *4 (N.D. Ind. Sept. 24, 2015) ("Whether a meeting of the minds exists 'is a factual matter to be determined from all the circumstances,' and the Court should not consider 'the parties' subjective intents but their outward manifestation of it.' ") (quoting *Zimmerman v. McColley*, 826 N.E.2d at 77 (Ind. Ct. App. 2005)).

*PSG Energy Grp., LLC v. Krynski*, 2020 WL 2059944, at *5 (S.D. Ind. Apr. 29, 2020).

Valley Forge and Stein also point to three other cases in this Circuit to support their position that settlement agreements are enforceable, and in this case, the settlement agreement should be enforced, and the Magistrate Judge's Minute Order should not be vacated or set aside. *See E.E.O.C. v. Eby-Brown Co., LLC*, 2007 WL 4198822 (S.D. Ind. Nov. 21, 2007) (recognizing enforceability of settlement agreement); *Pohl v. United Airlines, Inc.*, 110 F. Supp. 2d 829 (S.D. Ind. 1999) (same); *White v. Lowe's Home Centers, Inc.*, 2012 WL 5497853 (N.D. Ind. Nov. 13, 2012) (party's later regrets are irrelevant and do not affect validity and enforceability of the settlement agreement).

The issue before the court is whether the parties reached a binding oral agreement before the Magistrate Judge. After a careful review of the record, this court finds that the parties did reach an oral agreement. Motraghi's realization that he made a mistake or changed his mind is not sufficient grounds to vacate a settlement agreement. The Seventh Circuit has stated, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient[.] ... If a party to a ... suit who has previously authorized a settlement changes his mind ..., that party remains bound by the terms of the agreement." *Glass,* 788 F.2d at 454–55.

Motraghi has provided no case law to support his position and the Court is unaware of any that would support vacating the agreement under the circumstances stated in his Motion. In contrast, Valley Forge and Stein's position is well-taken and supported by good case law.

For the reasons stated above, the Court will enforce the parties' settlement agreement that was recorded by the Magistrate Judge and will not vacate the Minute Order at Filing No. 387. Motraghi's Motion to Vacate (Filing No. 391) is **denied**.

    **SO ORDERED.**

Date:    6/29/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Robert R. Tepper
DRESSLER PETERS LLC
rtepper@dresslerpeters.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

John T. Wagener
DRESSER PETERS LLC
jtwagener@dresslerpeters.com


Service on the following *pro se* litigant will be made via first-class U.S. Mail with proper postage prepaid and will also be served via email:

Mazyar Motraghi
9950 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 0C9
CANADA

mazyarm@hotmail.com