UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUALITY LEASING CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL METALS LLC, <br> MANISH PUSHYE, <br> MAZYAR MOTRAGHI, <br> VALLEY FORGE EQUIPMENT, INC, <br> ROBERT STEIN, <br><br> Defendants. | No. 1:18-cv-01969-TWP-MG |
| MANISH PUSHYE, <br> INTERNATIONAL METALS LLC, <br><br> Counter Claimants, <br><br> v. <br><br> QUALITY LEASING CO., INC., <br><br> Counter Defendant. | |
| MANISH PUSHYE, <br> INTERNATIONAL METALS LLC, <br> ROBERT STEIN, <br> VALLEY FORGE EQUIPMENT, INC, <br> QUALITY LEASING CO., INC., <br><br> Third Party Plaintiffs, <br><br> v. <br><br> VALLEY FORGE EQUIPMENT, INC, <br> ROBERT STEIN, | |

| | |
|---|---|
| MAZYAR MOTRAGHI, | |
|           Third Party Defendants. | |
| VALLEY FORGE EQUIPMENT, INC, ROBERT STEIN, | |
|           Third Party Counter Defendants. | |
| MAZYAR MOTRAGHI, | |
|           Third Party Counter Claimants. | |

## ORDER

The Court has entered final judgments in favor of Plaintiff Quality Leasing Co., Inc. ("Quality") against Defendants Valley Forge Equipment, Inc. ("Valley Forge") and Robert Stein in the amount of $239,500. [Filing No. 257; Filing No. 280; Filing No. 350.] Pending before the Court are two motions filed by Quality related to its efforts to collect on the judgments: a Motion for Proceedings Supplemental, [Filing No. 376], and a Motion for Issuance of Writ of Execution, [Filing No. 375].

### I.
#### VERIFIED MOTION FOR PROCEEDINGS SUPPLEMENTAL [FILING NO. 376]

Quality contends in its verified Motion that it has "no cause to believe that the execution against either or both" Valley Forge and Mr. Stein would satisfy its $239,500 judgments and that each Defendant has "assets, income or other non-exempt property that can be applied" to satisfy the judgments. [Filing No. 376 at 2.] In particular, Quality identifies Valley Forge's third-party claims against Third-Party Defendant Mazyar Motraghi asserted in this case and further expresses

2

concern that Mr. Stein is wasting his assets, and possibly those of Valley Forge, to litigate claims against Mr. Motraghi rather than using those assets to satisfy Quality's judgments. [Filing No. 376 at 2-3.] However, the claims asserted against and by Mr. Motraghi have since been resolved by a settlement, and thus that aspect of the litigation is now moot. [*See* Filing No. 387; Filing No. 395.] To aid in its collection of its judgments against Valley Forge and Mr. Stein, Quality seeks the following: (1) an order that Mr. Stein produce certain documents listed on Exhibit A to Quality's Motion; (2) an order that Mr. Stein appear before this Court to answer questions about his and Valley Forge's assets; (3) an order enjoining Valley Forge from taking action to prosecute its claims against Mr. Motraghi without the consent of Quality or permission of the Court; (4) an order that Attorney Harold Abrahamson—Valley Forge and Mr. Stein's attorney in this case—"turn over to Quality any property of either [Valley Forge or Mr. Stein] in his possession or control, including any unearned retainer"; and (5) an order after a hearing to apply any of Valley Forge or Mr. Stein's non-exempt property to the judgments. [Filing No. 376 at 3-4.]

"Proceedings supplementary to execution are remedial actions authorized by statute. They enable creditors to enforce money judgments against non-paying debtors." *Garner v. Kempf*, 93 N.E.3d 1091, 1095 (Ind. 2018) (internal citation omitted). Under Fed. R. Civ. P. 69, "proceedings supplementary to and in aid of judgment or execution" of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Furthermore, the judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). As this case is pending in Indiana, Indiana Trial Rule 69(E) governs any proceedings supplemental to aid in enforcement, and that section provides:

> **(E) Proceedings Supplemental to Execution.** Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified

motion or with affidavits in the court where the judgment is rendered alleging generally:

(1) that the plaintiff owns the described judgment against the defendant;

(2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;

(3) that the defendant be ordered to appear before the court to answer as to his nonexempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,

(4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.

If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.

The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

Ind. R. Trial P. 69(E). "A court's sole objective in conducting proceedings supplemental is 'determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment.'" *Garner*, 93 N.E.3d at 1095 (quoting *Prime Mortgage USA, Inc.*, 885 N.E.2d 628, 668 (Ind. Ct. App. 2008)).

### A. Requests to Produce Documents

Quality asks that Mr. Stein be ordered to produce documents regarding his assets and finances as set forth in the document requests attached as Exhibit A, [[Filing No. 376-1](#)], to Quality's Motion. The rules governing both federal and state proceedings supplemental allow use of the usual methods of discovery. *See* [Fed. R. Civ. P. 69(a)(2)](#); Ind. R. Trial. P. 69(E). And, the usual methods of discovery at both the federal and state level contemplate serving requests for production of documents. *See* [Fed. R. Civ. P. 34(a)(1)(A)](#); Ind. R. Trial P. 34(A)(1). Quality's requests for production of documents are an appropriate mechanism to aid in its collection efforts. Therefore, the Court **GRANTS** Quality's request for an order compelling Mr. Stein to respond to the document requests contained in Exhibit A, [[Filing No. 376-1](#)], **by no later than August 20, 2021**.

### B. Request that Mr. Stein Give Testimony About Assets

Quality's verified Motion identifies its judgment against Valley Forge and Mr. Stein and states that it has no reason to believe that Defendants have the cash to satisfy the $239,500 judgment. Quality then asks the Court to order Mr. Stein to appear and answer questions identifying any non-exempt property owned by him or Valley Forge that can be used to satisfy the judgments. The Court concludes that Quality's motion comports with sections (1)-(3) of Indiana Trial Rule 69(E), and therefore **GRANTS** Quality's request for Mr. Stein to appear to answer questions about his and Valley Forge's assets and **ORDERS the parties to meet and confer regarding the procedure and date, which will occur no later than August 31, 2021, for Mr. Stein to appear and answer for his and Valley Forge's nonexempt property.**

C. **The Motraghi Litigation**

Quality's request that the Court enjoin Valley Forge from taking action to prosecute its claims against Mr. Motraghi without oversight is **DENIED AS MOOT** because of the settlement between Mr. Motraghi on the one hand, and Valley Forge and Mr. Stein on the other.

D. **Garnishment of Attorney Abrahamson's IOLTA Account**

Quality next asks that the Court order Attorney Abrahamson to "turn over to Quality any property of either [Valley Forge or Mr. Stein] in his possession or control, including any unearned retainer." [Filing No. 376 at 3.] However, this request for a garnishment order request skips a step. Garnishment is authorized by Ind. Code § 34-25-3-1, *et seq.* and generally requires that "[i]f a judgment-creditor believes a third party possesses or manages property of the debtor subject to execution, the creditor must name the third party as a garnishee-defendant in the complaint for proceedings supplemental and serve both the debtor-defendant and garnishee-defendant with a summons to appear in court to answer the complaint." *Garner*, 93 N.E.3d at 1095 (citing Ind. R. Trial P. 69(E)(4) and Ind. Code §§ 34-25-3-2(a), (c)). Because Quality has not adhered to the procedural requirements at this juncture, its request for an order garnishing Attorney Abrahamson's IOLTA account is **DENIED without prejudice.**

E. **Order to Apply Non-Exempt Property**

Finally, Quality seeks "[a]n appropriate order, after hearing herein, to apply said non-exempt property toward the Judgment, pursuant to statute." [Filing No. 376 at 4.] This request is premature at this time, and therefore is **DENIED without prejudice.**

## II.
## MOTION FOR WRIT OF EXECUTION [FILING NO. 375]

Pursuant to Fed. R. Civ. P. 69(a)(1) and Indiana Trial Rule 69(E), Quality also "seeks executions to enforce" its judgments against Valley Forge and Mr. Stein. [Filing No. 375 at 2.]

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides:

**(1)** *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

"A writ of execution is the court's command to the marshal to carry out the writ's mandate." 11 Fed. Proc., L. Ed. § 31:48. Writs of execution are generally limited to assets located within the judicial district. *See* 28 U.S.C. § 1963; *Symons Int'l Grp., Inc. v. Continental Cas. Co.*, 306 F.R.D. 612, 620 (S.D. Ind. 2014).

Quality has not properly submitted a writ request with the necessary information regarding the assets and proposed instructions to the U.S. Marshals Service. Therefore, Quality's Motion for Writ of Execution is **DENIED without prejudice**.

### III.
#### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Writ of Execution, [375], is **DENIED without prejudice**. Plaintiff's Motion for Proceedings Supplemental, [376] is **GRANTED** to the extent that Defendant Robert Stein is **ORDERED** to respond to the document requests contained in Exhibit A, [376-1], **by no later than August 20, 2021** and the parties are **ORDERED** to meet and confer regarding the procedure and dates (which must occur prior to September 10, 2021) for Mr. Stein to appear before the Court and to answer as to his and Valley Forge's nonexempt property. The parties are to inform the Court of potential dates for such a hearing **by no later than July 19, 2021** by calling the Magistrate Judge Garcia's Chambers at 317-229-3610 or emailing Chambers at MJGarcia@insd.uscourts.gov. The Motion for Proceedings Supplemental, [376], is **DENIED** in all other respects.

**Counsel for Plaintiff Quality Leasing, Inc. Co. is ORDERED to serve on Defendants Valley Forge and Robert Stein** copies of this Order, Plaintiff's Motion for Proceedings Supplemental, [376], and Plaintiff's document requests to Mr. Stein, [376-1], in accordance with Fed. R. Civ. P. 5 and Indiana Trial Rule 69(E) and to file proof of such service on or before **July 19, 2021**.

Date: 7/9/2021

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail and Electronic Mail to**

Mr. Mazyar Motraghi
9550 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 069
CANADA
mazyarm@hotmail.com