# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| QUALITY LEASING CO., INC.,          ) | |
|                                             ) | |
|             Plaintiff,          ) | |
|                             ) | |
| v.          ) | Case No. 1:18-cv-01969-TWP-MG |
|                                  ) | |
| INTERNATIONAL METALS LLC,          ) | |
| MANISH PUSHYE, VALLEY FORGE          ) | |
| EQUIPMENT, INC., MAZYAR MOTRAGHI,          ) | |
| and ROBERT STEIN,          ) | |
|                                  ) | |
|             Defendants.          ) | |
| _____ ) | |
| INTERNATIONAL METALS LLC and          ) | |
| MANISH PUSHYE,          ) | |
|                                  ) | |
|             Counterclaimants,          ) | |
|                             ) | |
| v.          ) | |
|                               ) | |
| QUALITY LEASING CO., INC.,          ) | |
|                                  ) | |
|             Counterclaim Defendant.          ) | |
| _____ ) | |
| INTERNATIONAL METALS LLC, MANISH          ) | |
| PUSHYE, and QUALITY LEASING CO., INC.,          ) | |
|                                  ) | |
|             Third Party Plaintiffs,          ) | |
|                                ) | |
| v.          ) | |
|                                 ) | |
| VALLEY FORGE EQUIPMENT, INC. and          ) | |
| ROBERT STEIN,          ) | |
|                                  ) | |
|             Third Party Defendants.          ) | |
| _____ ) | |
| VALLEY FORGE EQUIPMENT, INC. and          ) | |
| ROBERT STEIN,          ) | |
|                                  ) | |
|             Third Party Plaintiffs,          ) | |
|                                ) | |
| v.          ) | |

|  |  |
|---|---|
| MAZYAR MOTRAGHI, | ) |
| | ) |
| Third Party Defendant. | ) |
| | ) |
| MAZYAR MOTRAGHI, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| VALLEY FORGE EQUIPMENT, INC. and ROBERT STEIN, | ) |
| | ) |
| Counterclaim Defendants. | ) |

## ORDER DENYING MOTION FOR NEW TRIAL

This matter is before the Court on Defendant Robert Stein's ("Stein") Motion for New Trial ([Filing No. 366](#)). On January 25, 2021,[1] a virtual bench trial was held on Plaintiff Quality Leasing Co., Inc.'s ("Quality Leasing") claim against Stein for individual liability based upon the theories of unjust enrichment and piercing the corporate veil. Quality Leasing appeared by counsel Robert R. Tepper, Dennis A. Dressler ("Mr. Dressler"), and John T. Wagener. Defendants Valley Forge Equipment, Inc. ("Valley Forge") and Stein appeared by counsel Harold Abrahamson ("Mr. Abrahamson"). Defendant International Metals LLC ("International Metals") and Manish Pushye ("Pushye") appeared by counsel Steven D. Groth to observe only. The Court entered judgment on partial findings—pursuant to Federal Rule of Civil Procedure 52(c)—and ruled that Stein is the alter ego of Defendant Valley Forge. ([Filing No. 280 at 5](#)–6.) The Court determined that Stein was personally liable to Quality Leasing for unjust enrichment in the amount of $239,500.00. *Id*. Stein seeks a new trial, arguing the Court committed several errors and the judgment should be

---

[1] The bench trial was virtual for the safety of all parties and witnesses as there was a surge in the coronavirus pandemic in January 2021.

2

vacated. In the alternative, Stein asks that the amount of damages be modified. For the reasons explained below, the Motion is **denied**.

## I. BACKGROUND

The background facts of this multi-party case are stated in detail in the Court's Entry on Motions for Summary Judgment, (Filing No. 257), and are only summarized in this Entry. Quality Leasing is a finance company. International Metals is a scrap processor. Pushye is a member of International Metals with 90% ownership interest (Filing No. 132 at 2–6). In 2017, Quality Leasing agreed to finance the purchase by International Metals of an automobile baler (the "Equipment") from Valley Forge, a dealer in used equipment. Stein is the president, sole shareholder and 100% owner of Valley Forge (Filing No. 155 at 2). Quality Leasing paid Valley Forge $239,500.00, the purchase price of the Equipment. It eventually turned out that Valley Forge did not have the baler, but rather was attempting to acquire it from Mazyar Motraghi ("Motraghi") for $140,000.00. Valley Forge paid Motraghi $100,000.00, but never paid the remaining balance due and never actually received the Equipment. Although Valley Forge received $239,500.00 from Quality Leasing to purchase the Equipment for International Metals, because Valley Forge never obtained the Equipment from Motraghi, Valley Forge was unable to deliver the Equipment to International Metals. Valley Forge did not return the $239,500.00 it received to purchase the Equipment (Filing No. 52 at 6–7).

On April 10, 2018, Quality Leasing filed a Complaint against International Metals and Pushye (Filing No. 1). On November 30, 2018, International Metals and Pushye filed a Third Party Complaint against Valley Forge and Stein (Filing No. 31). On February 27, 2019, Valley Forge and Stein filed a Third Party Complaint against Motraghi (Filing No. 52). Motraghi had no

knowledge of the identity or existence of Quality Leasing, International Metals, or Pushye until he was drawn into this litigation in February 2019 (Filing No. 209-18 at 6; Filing No. 194-2 at 4–5).

Numerous claims and counterclaims were filed among the parties, and Quality Leasing filed an Amended Complaint on September 30, 2019, to name International Metals, Pushye, Valley Forge, Stein, and Motraghi as defendants (Filing No. 117). Shortly before filing its Motions for Summary Judgment, Quality Leasing entered into a settlement agreement with International Metals and Pushye to settle its claims for $70,000.00. As part of the settlement agreement, International Metals and Pushye assigned their claims against Valley Forge and Stein to Quality Leasing (Filing No. 222-1 at 4–10). Following Quality Leasing's summary judgment motion, the Court entered an Order substituting Quality Leasing as the real party in interest for the breach of contract claim asserted in International Metal's and Pushye's Third Party Complaint against Valley Forge and Stein (Filing No. 214). On May 20, 2020, Valley Forge and Stein filed a Motion for Summary Judgment against Motraghi, and Quality Leasing filed Motions for Summary Judgment against Motraghi and Valley Forge.

On summary judgment, the Court found there were no disputed material facts concerning Quality Leasing's claim of unjust enrichment and breach of contract against Valley Forge. Quality Leasing wired $239,500.00 to Valley Forge, and Valley Forge received $239,500.00 from Quality Leasing for the purpose of paying for and purchasing the Equipment for International Metals. Valley Forge did not deliver the Equipment to International Metals or to Quality Leasing. Valley Forge retained the $239,500.00, and it did not repay anything to Quality Leasing or International Metals. The Court determined that Valley Forge's receipt of $239,500.00 is a measurable benefit conferred upon it by Quality Leasing. Quality Leasing expected delivery of the Equipment or repayment of the funds; neither occurred. The Court also determined that Valley Forge breached

its contract with International Metals, and that claim has been assigned to Quality Leasing. Thus, the Court granted Quality Leasing's Motion for Summary Judgment against Valley Forge, (Filing No. 192), and entered judgment against Valley Forge in favor of Quality Leasing on its unjust enrichment and breach of contract claims in the amount of $239,500.00. (Filing No. 257 at 17.) Summary judgment was not sought against Stein, and the claims against him remained pending for trial.

On January 25, 2021, the Court conducted the virtual bench trial on the claims brought by Quality Leasing against Stein for individual liability based upon the theories of unjust enrichment and piercing the corporate veil. After Quality Leasing presented its case in chief, it orally moved for a "directed verdict"—judgment on partial findings—pursuant to Federal Rule of Civil Procedure 52(c), which the Court granted. Thereafter, the Court entered its Order on the Rule 52(c) motion, and ruled that Stein is the alter ego of Valley Forge and he is personally liable to Quality Leasing for unjust enrichment in the amount of $239,500.00, (Filing No. 280 at 5–6).

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 59, the district court has the discretion to "grant a new trial on all or some of the issues—and to any party," Fed. R. Civ. P. 59(a), and a new trial should be granted if a prejudicial error occurred. *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 480 (7th Cir. 2000). On a motion for a new trial, the court considers whether the verdict is against the weight of the evidence, the damages are excessive, or the trial was not fair to the moving party. *Marcus & Millichap Inv. Servs. of Chi., Inc. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011). Rule 59 allows a court to grant a new bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). The court may also "open the judgment if one has been entered, take additional testimony, amend findings of fact and

5

conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). A court may grant a new trial in a bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed.R.Civ.P. 59(a)(1)(B). "A motion for a new trial in a nonjury case ... should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2804. A manifest error is "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

### III. DISCUSSION

At the onset of trial, the Court confirmed Quality Leasing's request that counsel need not reintroduce evidence in the trial that the Court already reviewed in the motions for summary judgment and other dispositive rulings. No one objected. Stein argues that the Court erred in not permitting him to call as a witness, his CPA Accountant Spencer Snyderman, by refusing to admit certain exhibits, by refusing to permit Stein to testify concerning "back up" documents to support the financial records and documents of Valley Forge, and it erred when weighing the evidence and determining the credibility of Stein's testimony and finding that Valley Forge was a shell corporation. He also contends the Court erred in denying his motion for reconsideration of the $239,500.00 damages judgment. The Court will address each contention in turn.

**A.** **Exclusion of Spencer Snyderman as a witness**

Stein first argues the Court erred when it did not allow his CPA, Spencer Snyderman ("Snyderman"), to testify as a witness regarding tax returns prepared by him for Valley Forge. (Filing No. 366 at 1.) Snyderman was excluded as a trial witness in a pretrial because of counsel's

untimely disclosure of him as a witness. In the Order on Plaintiff's Objection to Supplemental Witness, the Court determined:

> By waiting until December 23, 2020, to identify Snyderman as a witness for trial, the Defendants failed to comply with the case management order and with Rule 26(a) and (c). The only reason provided for the untimely disclosure is that the Defendants did not think Snyderman's testimony would be necessary until they got a sneak peek at Quality Leasing's trial strategy with the timely filing of Quality Leasing's trial brief. This reason does not amount to "substantial justification" or "harmless" conduct to avoid the automatic and mandatory exclusion of the proffered witness as required by Rule 37(c)(1). It would be unfairly prejudicial to allow a party to add a previously undisclosed witness after that party has been made aware of the opposing party's trial strategy with the timely filing of a trial brief just before trial.

(Filing No. 275 at 4-5). The Court finds no error in this ruling.

Moreover, the Court heard a great deal of testimony from Stein concerning tax returns prepared by Snyderman, and received evidence concerning those returns. For example, Exhibit 173 consists of 103 pages of tax returns and other documents produced by Snyderman. The Court considered this evidence in deciding the claim against Stein. Accordingly, any possible error by the exclusion of this witness is harmless.

**B.     Exclusion of "back-up" documents and testimony**

Stein next contends that the Court erred in "refusing to admit exhibits and in refusing to permit Robert Stein to testify concerning "back up" documents to support the financial records and documents of Valley Forge Equipment when many of the charges concerned inadequate corporate documentation."  (Filing No. 366 at 2.)

In its response, Quality Leasing states,

> [T]he "inadequate corporate documentation" found by this Court was the lack of shareholder or directors' minutes (Doc. 280, p.4). Stein admitted that there were no meetings. The supposed "back up" documents appear to be the notes Stein said he kept on a legal pad reconciling the numerous, admitted personal expenses paid from the corporation. Stein does not explain how or why these documents would change the result. Further, and alternatively, these documents were clearly sought in

7

> discovery from both Stein and Snyderman and were not produced by either. Hence, it would have been error to allow the documents.

(Filing No. 393 at 4) (emphasis in original). Relying on *Henderson v. Wilkie*, 966 F.3d 530, 536 (7th Cir. 2020), Quality Leasing argues that "new trials are not warranted based on a District Court's proper exclusion of testimony on subjects not disclosed in a party's pre-trial discovery responses." *Id*. at 4-5.

The Court denies a new trial on this basis for two reasons. First, the Court did not exclude Stein's testimony concerning his back up documents. At the bench trial, Mr. Dressler moved to strike Stein's testimony regarding the allocation of his expenses, for the reason that Stein testified at his deposition (and in court) that he did not have the documents. During the virtual trial, Stein was observed reading at times from a stack of documents, which Stein stated were his back up files. Mr. Dressler argued the Court should strike Stein's testimony because "he didn't produce those documents pursuant to various requests, both to his accountant as well as to Valley Forge directly. And he apparently did not testify truthfully at his deposition concerning those backup files." Mr. Abrahamson argued there was no basis for striking the testimony in which Stein referred to his backup documents. The Court agreed and did not strike the testimony, but indicated it will give that testimony the appropriate weight. The Court considered Stein's testimony and gave it the appropriate weight.

Second, Stein does not identify what particular exhibits the Court refused to admit. As with a jury trial, a court will only grant a new bench trial where "the movant presents newly discovered evidence that was not available at the time of trial, or if the movant points to evidence in the record that establishes a manifest error of law or fact." *In Re Prince,* 85 F.3d 314, 324 (7th Cir.1996). If Stein is referring to the actual back up documents that he had in his possession during his trial testimony, it's the Courts understanding that those documents were never produced during

discovery and they were not identified or offered into evidence at trial. Stein also testified that he kept a legal pad with a summary of his records, but that legal pad was never identified or offered as an exhibit during trial. Rule 59 allows the court to open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new ones; but that can only be done if the evidence being considered is before the court. Because Stein does not identify the particular exhibits that were offered and excluded by the Court during his cross-examination, and he fails to explain how he was prejudiced by their omission, he is not entitled to a new trial on this basis.

### C. Credibility of witnesses

Stein next argues the Court erred when weighing the evidence and determining the credibility of his testimony and in finding that Valley Forge was a shell corporation.

As stated on the record and in the Court's findings, the Court determined "by a preponderance of the evidence, and in fact by overwhelming evidence, that Stein was unjustly enriched and that a measurable benefit was conferred on Stein under circumstances in which his retention of the benefit without payment would be unjust." (Filing No. 280 at 4.) In particular, the Court found

> There is no dispute that Valley Forge received $239,500.00 from Quality Leasing for the purpose of paying for and purchasing the baler equipment. Valley Forge did not deliver the equipment and thus did not earn the funds it received. Valley Forge retained the $239,500.00 and has not repaid anything to Quality Leasing. Quality Leasing expected to be repaid the funds that had been loaned to purchase the equipment. Stein wired $100,000.00 to co-defendant Mazyar Motraghi, and he transferred the remaining $139,000.00 to his personal bank account at Wells Fargo. Stein testified at trial that he ultimately used those funds to pay his attorney's fees and living expenses.
>
> As further stated on the record during the bench trial, the Court finds that Valley Forge is actually the alter ego of Stein. Stein has maintained a fiction that Valley Forge is a separate entity, and he cannot claim the protections of a corporate veil. There are no minutes of shareholders' meetings or directors' meetings even though Stein is the sole proprietor of the corporation. He testified in his deposition that there were no meetings, and he contradicted that testimony during trial. Stein was

> impeached when he said that meetings were held with his accountant. Further, there are no director minutes authorizing any of the transactions. Stein is the sole shareholder.
>
> There is no independent corporate reality. Stein took money out of Valley Forge that was not Valley Forge's to distribute. When he needed money he took it from Valley Forge to pay personal expenses. He moved that money, it appears, to hide it from creditors by converting it into a certified check, and then put it into his brand new company, VFE, and then he used the money to pay his attorney's fees for this lawsuit, and for his personal living expenses including some dental bills and his condo in South Palm Beach, Florida.
>
> In addition, the evidence at trial supports that Valley Forge was significantly undercapitalized. At the beginning of 2017 its retained earnings were negative, by the beginning of 2018 they were less than $13,000.00 and by the end of 2018 they were less than $4,000.00. This amount of capital is clearly insufficient for a corporation engaging in the type of transactions conducted by Valley Forge.
>
> The mere fact that Stein had an employer ID number and that he filed tax returns and paid taxes and completed some reports each year is not sufficient to overcome the substantial and overwhelming evidence that Valley Forge was a shell corporation.

*Id*. at 4-5.  The credibility determinations that a judge renders as the finder of fact command a high degree of deference." *Gicla v. United States,* 572 F.3d 407, 414 (7th Cir.2009).  The Seventh Circuit has stated that it does not "disturb a court's evaluation of witness credibility unless the court has credited patently improbable testimony or its credibility assessments conflict with its other factual findings." *Id.*  This is because the "trial judge is in the best position to judge the credibility of witnesses who offer conflicting testimony." *Spurgin–Dienst v. United States,* 359 F.3d 451, 453 (7th Cir.2004) (quotations omitted).

Here, the record contains ample evidence to show that the Court weighed the evidence, properly determined the credibility of Stein's testimony, and the evidence supports this Court's findings, by a preponderance of the evidence, that Valley Forge Equipment was a shell corporation.

10

**D.     Motion for Reconsideration concerning damages**

Finally, Stein argues a new trial is necessary, or alternatively, the damage award should be modified, because the Court erred in denying his Motion for Reconsideration concerning the amount of damages. Stein's contention—that he is entitled to a credit or set off in the amount of $104,968.57 concerning the $239,500.00 damages award—has been litigated several times. As previously stated by the Court "[a]fter considering the evidence presented at trial, the ruling on summary judgment, the ruling on the Rule 52(c) motion, and Stein's brief argument in his Motion for Reconsideration, the Court concludes that reconsideration of the personal liability award against Stein is not warranted." (Filing No. 324 at 5).

In the instant motion, Stein raises no new arguments in his contentions. At the bench trial, Quality Leasing's Managing Director, Paul Fogle, testified that it was owed $315,913.73 at the time of Quality Leasing's May 15, 2020 settlement with International Metals. Quality Leasing presented uncontroverted evidence concerning the overall, total value of the finance agreement between it and International Metals, the additional costs and attorney's fees recoverable under that contract, and that Quality Leasing has yet to be made whole.

As the Court pointed out in the February 19, 2021 Order denying Stein's Motion for Reconsideration, the only case which Stein relied upon—a Wisconsin state court decision *Management Computer Services, Inc.*—supports the Court's ruling on the unjust enrichment claim. The case explains that "unjust enrichment is based on equitable principles with damages being measured by the *benefit conferred upon the defendant*, not the plaintiff's loss." *Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co*. 557 N.W.2d 67, 79–80 (Wis. 1996) (emphasis added). In Indiana, the courts have articulated three elements for this claim: (1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other

11

party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment. *Kelly v. Levandoski*, 825 N.E.2d 850, 861 (Ind. Ct. App. 2005).

The Court reiterates, "that Valley Forge made a payment in the amount of $4,968.57 to Quality Leasing in connection with the financing agreement does not change the fact that Quality Leasing conferred a benefit upon Valley Forge and Stein in the amount of $239,500.00." (Filing No. 324 at 5). Once again, the Court finds no unjust enrichment for Quality Leasing in the damages award of $239,500.00. For the reasons stated here, and in the February 19, 2021 Order, (Filing No. 324), the Court finds no error in the amount of damages ordered and denies Stein's alternative request to modify the damages award.

## IV.     CONCLUSION

After considering Stein's submissions and Quality Leasing's response, the Court concludes there is no basis to grant the motion for a new trial. Stein has not shown that the Court made errors of law or fact in entering judgment in favor of Quality Leasing. While Stein disagrees with the Court's rulings, mere disagreement is not enough to establish that the Court's decision was manifestly erroneous. *See Oto*, 224 F.3d at 606 ("A manifest error is not demonstrated by the disappointment of the losing party."). Stein's motion merely states dissatisfaction with the Court's decision and restates prior arguments. He has not offered any other factual or legal argument that convinces the Court that its decision was in error. Accordingly, Stein's Motion for New Trial (Filing No. 366) is **DENIED**.

**SO ORDERED.**

Date: 9/15/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dennis A. Dressler
DRESSLER PETERS LLC
ddressler@dresslerpeters.com

Robert R. Tepper
DRESSLER PETERS LLC
rtepper@dresslerpeters.com

John T. Wagener
DRESSER PETERS LLC
jtwagener@dresslerpeters.com

Harold Abrahamson
ABRAHAMSON REED & BILSE
aralawfirm@aol.com

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP
sgroth@boselaw.com

Service on the following *pro se* litigant will be made via first-class U.S. Mail with proper postage prepaid and will also be served via email:

Mazyar Motraghi
9950 Place de L'Acadie, Apt. 1673
Montreal, Quebec H4N 0C9
CANADA
mazyarm@hotmail.com